COMMONWEALTH of Pennsylvania, acting Through the UNIFIED JUDICIAL SYSTEM by the agency of the Administrative Office of Pennsylvania Courts, Petitioner

v.

John O. VARTAN, trading as Independent American Investments, a registered fictitious name, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1995.
Decided April 15, 1996.
Reargument Denied May 13, 1996.

Paul H. Titus, for Petitioner.

Andrew L. Swope, for Respondent.

Before FRIEDMAN and KELLEY, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

John O. Vartan, trading as Independent American Investments (Vartan), has filed Preliminary Objections to the Administrative Office of Pennsylvania Courts' (AOPC) Amended Petition for Review of a Governmental Determination in the Nature of a Petition for a Writ of Prohibition and/or Mandamus (Amended Petition for Review).

AOPC and Vartan entered into a written lease agreement (Contract) on October 10, 1989 for a parcel of land on which Vartan was to build a courthouse which would be occupied by the Commonwealth Court of Pennsylvania. The Contract was contingent upon AOPC's obtaining all government approvals which, in its sole discretion, it deemed necessary for the project and the lease. Under the terms of the Contract, however, AOPC had no obligation to seek or obtain the necessary approvals and could terminate the Contract without incurring liability if it failed to do so. AOPC exercised its right to terminate by letter to Vartan, dated June 6, 1990, from the designated contract officer for AOPC, the Court Administrator of Pennsylvania.

Consequently, Vartan filed a complaint before the Board of Claims (Board), averring that Vartan had relied to its detriment on one or more written communications from the then President Judge of the Commonwealth Court, which stated that project ap-provals had been obtained and that the Contract would not be terminated. Vartan claimed that the Contract was not lawfully terminated because "by virtue of its conduct, [AOPC] is estopped from asserting the benefit of the termination provisions of paragraph 4(b) of the Lease or any other provision of the Lease." (Complaint, paragraph 18.) Damages claimed were "at least $6,500,-000.00." (Complaint, paragraph 19.)

On April 25, 1995, Vartan directed a notice of deposition and subpoena to Chief Justice Robert N.C. Nix, Jr. (Chief Justice Nix) of the Pennsylvania Supreme Court, seeking to discover facts concerning Chief Justice Nix's involvement with the Contract. On May 11, 1995, AOPC moved to quash the subpoena; following the submission of briefs by both parties, the Board denied the motion on July 5, 1995.

Consequently, on August 7, 1995, AOPC filed in this court a Petition for Review of a Governmental Determination in the Nature of a Petition for a Writ of Prohibition and/or Mandamus, seeking an order compelling the Board to quash Vartan's subpoena and/or prohibiting Vartan from taking the deposition. Vartan filed Preliminary Objections on September 1, 1995. In response, AOPC filed the Amended Petition for Review on or about September 18, 1995. It is in reply to this Amended Petition for Review that Vartan has filed the Preliminary Objections before us here.

## I.

■ Initially, we note that Vartan's Preliminary Objections challenge this court's jurisdiction over the Amended Petition for Review,[1] alleging that we lack the authority to issue a writ of mandamus or prohibition to the Board because there is no appeal pending in this court from which the request for prohibition or mandamus relief stems. We disagree.

In *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County,*

1. AOPC invokes our original jurisdiction generally under section 761, and specifically under section 761(c), of the Judicial Code, 42 Pa.C.S. § 761. AOPC also invokes sections 323 and 562 of the Judicial Code, 42 Pa.C.S. §§ 323 and 562, as additional authority for issuance of a writ of mandamus and/or prohibition in this case.

507 Pa. 194, 489 A.2d 1286 (1985), the Pennsylvania Supreme Court addressed the question of whether the Superior Court had original jurisdiction to entertain a petition for a writ of prohibition to the Philadelphia County Court of Common Pleas when no appeal was pending in the Superior Court. The Supreme Court, noting that the Superior Court has been vested with broad appellate jurisdiction but only extremely limited original jurisdiction, examined the language of section 741 of the Judicial Code, which defines the Superior Court's original jurisdiction as follows:

> The Superior Court shall have no original jurisdiction, *except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction.* . . .

42 Pa.C.S. § 741 (emphasis added).

Interpreting this language in light of its own constitutional duty to supervise all inferior courts of this Commonwealth, *see* Pa. Const. Art. V, § 10(a), the Supreme Court concluded that the Superior Court has original jurisdiction to issue a writ of mandamus or prohibition only where an appeal properly within its appellate jurisdiction is pending in the Superior Court and where the issuance of such a writ becomes necessary to mandate or prohibit action by a lower court that would interfere with the Superior Court's effective exercise of its appellate jurisdiction. *Id.* The Supreme Court held that, without an appeal pending in the Superior Court, mandamus or prohibition relief cannot be "ancillary" to matters within the Superior Court's appellate jurisdiction; thus, there would be no predicate for the Superior Court's exercise of original jurisdiction, as required by 42 Pa.C.S. § 741. *Id.*

Because there was no appeal pending in the Superior Court at the time the petition for a writ of prohibition was filed there, the Supreme Court assumed jurisdiction over the writ pursuant to section 721 of the Judicial Code.[2] In doing so, the Supreme Court essentially held that, where a party files a petition for a writ of mandamus or prohibition to a "court of inferior jurisdiction" in an appellate court where no appeal is currently pending, the Supreme Court's original jurisdiction over such a petition is exclusive. Where, on the other hand, a party files a petition for a writ of mandamus or prohibition to a "court of inferior jurisdiction" in an appellate court where there *is* an appeal currently pending, the Supreme Court's original jurisdiction over such a petition is concurrent with that of the appellate court.

■ This court has since held that, because section 761(c) of the Judicial Code,[3] which delineates the scope of the Commonwealth Court's original jurisdiction over petitions for mandamus or prohibition, sets forth language identical to that of section 741, *Municipal Publications* is controlling. *See Leiber v. County of Allegheny*, 654 A.2d 11 (Pa.Cmwlth.1994). Accordingly, where a petitioner requests this court to issue a writ of mandamus or prohibition to a "court of inferior jurisdiction" and there is no appeal pending before us, we have held that we must·transfer the matter to the Supreme Court pursuant to sections 721 and 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).[4] *Id.*

Here, however, we are faced with a jurisdictional issue that we have never directly addressed before. In its Amended Petition for Review, the petitioner, AOPC, requests us to issue a writ of mandamus and/or prohibition to the Board. Because there is no appeal currently pending in this court, *Municipal Publications* would seemingly re-

**2.** 42 Pa.C.S. § 721. Section 721 provides that the Supreme Court shall have original, but not exclusive, jurisdiction over all cases of "mandamus or prohibition to courts of inferior jurisdiction."

**3.** 42 Pa.C.S. § 761(c). Section 761(c) provides, in relevant part:

The Commonwealth Court shall have original jurisdiction *in cases of mandamus and prohibi-*

*tion to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction.* . . .
42 Pa.C.S. § 761(c) (emphasis added).

**4.** Section 5103(a) provides that this court shall not dismiss an erroneously filed matter for lack of jurisdiction, but shall transfer that case to the proper tribunal. 42 Pa.C.S. § 5103(a).

quire us to transfer this matter to the Supreme Court pursuant to section 721.

However, under section 721, the Supreme Court has original jurisdiction to issue writs of mandamus and prohibition only to *"courts of inferior jurisdiction."* 42 Pa.C.S. § 721 (emphasis added). Because the Board is a quasi-judicial tribunal outside the unified judicial system,[5] it is not a "court of inferior jurisdiction;" thus, the Supreme Court is without original jurisdiction to issue the writs requested here. Consequently, we must decide whether this court may assume jurisdiction over AOPC's Amended Petition for Review even though there is no appeal currently pending here.

■ Extending the logic of *Municipal Publications,* we hold that this court may not assume original jurisdiction over a petition for review in the nature of a former common law writ[6] when no appeal is pending in this court and there is a proper alternative forum to decide the controversy. Where there is no alternative forum, however, i.e., where this court is the court of last resort as a matter of right, we *may* assume original jurisdiction over a petition for review in the nature of a former common law writ, despite the fact that there is no appeal pending in this court.

Here, as noted, the Supreme Court is without original jurisdiction to issue a writ of mandamus or prohibition to the Board; the Supreme Court's original jurisdiction to issue such writs extends only to "courts of inferior jurisdiction." 42 Pa.C.S. § 721. The Commonwealth Court's original jurisdiction, on the other hand, extends both to "courts of inferior jurisdiction *and other government units.*"[7] 42 Pa.C.S. § 761(c) (emphasis added). The Board, as a quasi-judicial tribunal outside the unified judicial system, is an "other government unit." Accordingly, as the only court with original jurisdiction to issue a writ of mandamus or prohibition to "other government units,"[8] including all Commonwealth administrative agencies, departments and tribunals outside the unified judicial system, we are the court of last resort as a

---

**5.** Section 301 of the Judicial Code, 42 Pa.C.S. § 301, defines the "unified judicial system" as the:

 (1) Supreme Court.
 (2) Superior Court.
 (3) Commonwealth Court.
 (4) Courts of common pleas.
 (5) Community courts.
 (6) Philadelphia Municipal Court.
 (7) Pittsburgh Magistrates Court.
 (8) Traffic Court of Philadelphia.
 (9) District justices.
 42 Pa.C.S. § 301.

**6.** Pennsylvania Rule of Appellate Procedure 1502 abolishes separate actions in equity, such as mandamus and prohibition, and replaces them with a single generic pleading called a petition for review. Consequently, any time a party now wishes to object to a governmental determination, the party must file a petition for review, which commences either, or both, an appeal from an administrative agency or an original jurisdiction action in the nature of mandamus and/or prohibition.

 Even if the petitioning party files an "improvidently" labeled pleading in this court seeking judicial review of a governmental determination, this error is not jurisdictional, and without more, will not result in dismissal of the action. Thus, where an action seeking to invoke our original jurisdiction to review a governmental determination is commenced by filing a complaint in mandamus or prohibition, the complaint will be regarded and acted upon as a petition for review.

Pa.R.A.P. 1503; *see also* 1 G. Ronald Darlington et al., Pennsylvania Appellate Practice § 1503:1 (2d ed. 1995).

**7.** *Compare* 42 Pa.C.S. § 721 *with* 42 Pa.C.S. § 761(c).

**8.** The Superior Court's original jurisdiction to issue writs of mandamus or prohibition extends only to "courts of inferior jurisdiction" as well. *See* 42 Pa.C.S. § 741.

 On the other hand, the various Courts of Common Pleas *may* exercise original jurisdiction, concurrently with this court, over "other government units" under certain circumstances, *see* 42 Pa.C.S. § 931(b); however, where, as here, exclusive original jurisdiction is vested in the Commonwealth Court, the Courts of Common Pleas are without original jurisdiction to issue a writ of prohibition or mandamus to an "other government unit." *See* 42 Pa.C.S. § 761(a) and 42 Pa.C.S. § 931.

 Thus, whether the extraordinary writs of mandamus and prohibition are deemed to be in the nature of an original action, *see Municipal Publications,* or an appeal, *see Pennsylvania Department of Aging v. Lindberg,* 503 Pa. 423, 469 A.2d 1012 (1983), the Commonwealth Court is the only court with original jurisdiction to issue a writ of mandamus or prohibition to governmental units. Because governmental units are outside the unified judicial system, this court has exclusive original jurisdiction in this case.

matter of right in this case.[9] Thus, we conclude that we may properly assume original jurisdiction over AOPC's Amended Petition for Review, despite the fact that there is no appeal pending before this court.[10]

## II.

■ We must agree, however, with Vartan's remaining Preliminary Objections. Vartan alleges that AOPC's Amended Petition for Review does not state a legally sufficient claim for the issuance of a writ of prohibition or mandamus. Specifically, Vartan contends that AOPC is not entitled to the extraordinary remedy of prohibition or mandamus because it has not exhausted all adequate and alternative remedies.

■ The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forbearance as an extraordinary remedy in cases of extreme necessity. *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948); *McGraw–Edison Co. v. Pennsylvania Human Relations Commission,* 108 Pa. Cmwlth. 147, 529 A.2d 81 (1987). It is a writ which is not of absolute right, but which rests largely within the sound discretion of the court. *Carpentertown.* The writ of prohibition will not issue unless there is a clear usurpation of power by an inferior tribunal:

> Where the inferior court [or other government unit] has jurisdiction of the matter in controversy, prohibition will not lie. The writ does not lie to prevent a subordinate [tribunal] from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate, and it matters not whether the [tribunal] below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction. The exercise of power which it is sought to prohibit must be wholly unauthorized by law.

*Commonwealth v. Mellon National Bank & Trust Co.,* 360 Pa. 103, 107, 61 A.2d 430, 433 (1948), *overruled in part on other grounds by Commonwealth v. Caplan,* 411 Pa. 563, 192 A.2d 894 (1963).

Here, the Board clearly has jurisdiction to issue and enforce subpoenas pursuant to section 7 of the Board of Claims Act.[11] Consequently, even if AOPC is correct that the Board's refusal to quash Vartan's subpoena and deposition directed to Chief Justice Nix will "irreparably damage" Pennsylvania's unified judicial system, (AOPC's brief at 11), prohibition will not lie to prevent the Board from exercising its jurisdiction. *See Mellon.*[12]

■ A writ of mandamus is similarly inappropriate here. Mandamus is available to compel the performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corre-

---

9. "[A]ll matters involving statutory review of final adjudications of state agencies ... [are] not directly reviewable in [the Supreme Court] as of right...." *Lindberg,* 503 Pa. at 435, 469 A.2d at 1019.

10. We note that a matter affecting jurisdiction over an extraordinary writ of habeas corpus is a jurisdictional anomaly distinguishable from our analysis here. *See Brown v. Department of Corrections,* 144 Pa.Cmwlth. 610, 601 A.2d 1345 (1992) and *Kester v. Board of Probation and Parole,* 148 Pa.Cmwlth. 29, 609 A.2d 622 (1992); *see also* Pa.R.Crim.P. 1701 and 42 Pa.C.S. § 6502.

11. Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651–7. Section 7 provides, in relevant part, that:

> The secretary of the Board shall have the power to issue subpoenas at the request of either the Commonwealth or the claimant....

....

> Any person who refuses to obey such subpoena, or who refuses to be sworn to testify, or who fails to produce any papers, books or documents touching upon the case in which he is subpoenaed, or who is guilty of any contempt after summoned to appear, may be punished for contempt of court.

72 P.S. § 4651–7.

12. In *Mellon,* the petitioner sought a writ of prohibition to prevent the trial court from enforcing subpoenas calling for the production of documentary evidence. The Pennsylvania Supreme Court, finding that the trial court otherwise had jurisdiction, held that the petitioner's allegation that the evidence sought to be introduced was forbidden by law "does not in the slightest degree affect the jurisdiction of the court below, and therefore it creates no reason for the issuance by this court of a writ of prohibition." *Id.* at 108, 61 A.2d at 434.

sponding duty in the respondent and the absence of any other adequate and appropriate remedy. *Donnell v. Pennsylvania Board of Probation and Parole*, 61 Pa.Cmwlth. 517, 434 A.2d 846 (1981). Mandamus has been held to be the proper remedy to compel an administrative body to conduct a required hearing or to correct a mistake in applying the law. *See Donnell.* However, mandamus will not lie "*to control* an official's discretion or judgment where that official is vested with a discretionary power." *Porter v. Bloomsburg State College*, 450 Pa. 375, 376–77, 301 A.2d 621, 622 (1973), *cert. denied*, 414 U.S. 844, 94 S.Ct. 105, 38 L.Ed.2d 82 (1973) (quoting *Garratt v. Philadelphia*, 387 Pa. 442, 448, 127 A.2d 738, 741 (1965)). A court can issue such a writ to mandate the exercise of that discretion in some fashion but not to require that it be exercised in a particular manner. *United States Steel Corp. v. Papadakos*, 63 Pa.Cmwlth. 213, 437 A.2d 1044 (1981).

Here, although the Board has the *power* to issue subpoenas, the manner in which that power is *exercised* is discretionary; the discretionary exercise of power, by its very nature, does not give rise to a clear legal right in the petitioner or a corresponding duty in the respondent. Therefore, mandamus will not lie to compel the Board to exercise its discretion by quashing Vartan's subpoena.

 Finally, neither prohibition nor mandamus is available where a petitioner fails to exhaust other adequate and appropriate remedies. *Papadakos.* Vartan contends that, here, where the Board's order denying AOPC's Motion to Quash was interlocutory and not otherwise appealable as of right, AOPC had at least two adequate alternative remedies: (1) an appeal on the merits after a valid final judgment; or (2) a permissive interlocutory appeal in accordance with the appellate rules. Rather than pursuing either of these remedies, however, Vartan asserts that AOPC attempted to use the extraordinary writs of mandamus and prohibition as substitutes for an authorized appeal. We agree.

 Here, AOPC seeks review of the Board's order denying AOPC's Motion to Quash the subpoena directed to Chief Justice Nix. This Court's appellate jurisdiction with respect to government agencies of the Commonwealth is limited to final orders, orders that effectively put a litigant out of court. *Robertshaw Controls Co. v. Human Relations Commission*, 447 A.2d 1083 (Pa. Cmwlth.1982). "Orders compelling compliance with a subpoena or refusing to quash a subpoena have consistently been held to be interlocutory and unappealable." *Id.* at 1086. The Board's order, therefore, is interlocutory and not otherwise appealable as of right.

In such a situation, we have held that the remedies available either through an appeal on the merits after a final judgment, or through certification of a permissive interlocutory appeal under the appellate rules, are adequate and appropriate alternatives to mandamus or prohibition. *Papadakos.*[13]

Here, therefore, AOPC should have either waited until a final judgment was entered in the matter and then taken an appeal on the merits or, if such a remedy would be insufficient to prevent any potential harm, as AOPC alleges, AOPC should have sought certification by the Board under section 702(b) of the Judicial Code [14] that such order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter...." *Id.;*

---

**13.** Although we recognize that *Papadakos*, as a single judge opinion of this court, is not binding precedent, we find its rationale persuasive and adopt it here.

**14.** Section 702(b) of the Judicial Code, 42 Pa. C.S. § 702(b), provides:

(b) Interlocutory appeals by permission.— When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

*see also* Pa.R.A.P. 1311.[15] Inclusion of this statement in the lower court or other government unit's order is a condition precedent to the filing in the appellate court of a petition for permission to appeal. *See Butler Education Association v. Butler Area School District*, 34 Pa.Cmwlth. 143, 382 A.2d 1283 (1978).

The extraordinary writs of mandamus and prohibition may not be used as substitutes for an authorized appeal. *Mellon; Carpentertown.* Because AOPC failed to even attempt to secure the Board's certification of its Motion to Quash, AOPC's Amended Petition for Review merely substitutes mandamus and prohibition relief for the adequate alternative remedy of appeal.[16] We are left with no choice, therefore, but to dismiss AOPC's Amended Petition for Review.

Accordingly, we grant Vartan's Preliminary Objections and dismiss AOPC's Amended Petition for Review.

### ORDER

AND NOW, this 15th day of April, 1996, Vartan's Preliminary Objections are granted and the Administrative Office of Pennsylvania Court's Amended Petition for Review of a Governmental Determination in the Nature of a Petition for a Writ of Prohibition and/or Mandamus is dismissed.

COLINS, President Judge, and DOYLE, McGINLEY, SMITH and PELLEGRINI, JJ., did not participate in the decision in this case.

**15.** Rule 1311 provides as follows:

(a) General Rule. An appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from any interlocutory order of a lower court or other government unit....

(b) Petition for Permission to Appeal. Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa. C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court or other government unit....

Pa.R.A.P. 1311.

**16.** We recognize that a permissive appeal under section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), due to its discretionary nature, may not always provide a petitioner with an adequate

KELLEY, Judge, dissenting.

I respectfully dissent. Contrary to the majority's holding, I believe that, based on the unique factual circumstances of this case, this court should transfer this matter to our Supreme Court for disposition.

Underlying the issue of whether this court should sustain or dismiss Vartan's preliminary objections to the AOPC's amended petition for review is the validity of a subpoena issued to the Chief Justice of the Supreme Court of the Commonwealth of Pennsylvania. This subpoena was issued by the board, as authorized by section 7 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–7.[1]

I believe that the language of our constitution grants the Supreme Court unquestioned overseeing power as the governing body of the judiciary. As the governing body, the Supreme Court operates through the AOPC. Accordingly, it is the AOPC that is now before this court seeking to prohibit the subpoena issued to the Chief Justice.

Article V, Section 10 of the Pennsylvania Constitution governing judicial administration provides that the Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace. Pa. Const. art. V, § 10(a). Further, Article V, Section 10 provides that "[t]he Supreme Court shall have the power to prescribe general rules governing practice,

means of judicial review. However, we cannot say that a permissive appeal is inadequate where, as here, the petitioner fails to pursue it as an avenue of relief. In such a case, the petitioner has not exhausted all of its alternative statutory remedies, a condition precedent to the extraordinary relief of mandamus or prohibition; only after a petitioner has been refused certification or otherwise denied a permissive appeal can it claim that an appeal is no longer an adequate alternative remedy.

**1.** Section 7 of this act empowers the board to issue subpoenas and to require the attendance of witnesses and the production of books, documents, and papers pertinent to any cause before the board. 72 P.S. § 4651–7. Section 7 provides further that any person who refuses to obey such subpoena may be punished for contempt of court. *Id.*

procedure and conduct of all courts ... and the administration of all courts and supervision of all officers of the judicial branch...." Pa. Const. art. V, § 10(c).

Based on Article V, section 10 of our constitution, I believe the Supreme Court has inherent original jurisdiction under its authoritative power to adjudicate the question of the application of a subpoena issued to a member of the Supreme Court. Article V, section 2 of our constitution states that the Supreme Court "shall be the highest court of this Commonwealth and in this court shall be reposed the supreme judicial power of the Commonwealth." Pa. Const. art. V, § 2. Moreover, section 502 of the Judicial Code provides that "the Supreme Court shall have and exercise the powers vested in it by the Constitution of Pennsylvania, including the power generally to minister justice to all persons and to exercise the power of the court, as fully and amply, to all intents and purposes, as the justices of the court of King's Bench...." 42 Pa.C.S. § 502.

I, therefore, assert that a literal reading of the constitutional language sets forth that persons of the unified judicial system are also subject to the Supreme Court's jurisdiction not just the so-called courts of the unified judicial system. Since the Chief Justice is the recipient of the subpoena, the determination of the subpoena's validity should only be exercised by the Supreme Court.

I believe that the Supreme Court's reasoning in *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 489 A.2d 1291 (1985) supports my position. *Reilly* involved the recusal of a judge and our Supreme Court stated therein that it had the exclusive right to supervise the conduct of all courts and officers of the judicial branch of government pursuant to Article V, Section 10(c) of our constitution. *Reilly*, 507 Pa. at 218, 489 A.2d at 1298. Based on this exclusive right, the Supreme Court in *Reilly* rejected the Superior Court's attempts to create new standards of review on, *inter alia*, recusal motions "as unwarranted intrusions upon this Court's exclusive right to supervise the conduct of all courts and officers of the

judicial branch." *Id.* at 219, 489 A.2d at 1298.

Further, I believe that the majority's reliance on *Municipal Publications v. Court of Common Pleas of Philadelphia County*, 507 Pa. 194, 489 A.2d 1286 (1985) is greatly misplaced. The distinguishing factor herein is that the subpoena in question has been issued to the Chief Justice in order to ascertain his personal participation and knowledge with respect to the underlying dispute. As a result, he is considered a crucial witness.

The Supreme Court in *Municipal Publications* noted most significantly that the powers of the Supreme Court, as set forth in statute, are that the inferior courts have not been vested by legislation with King's Bench powers. Rather, the Supreme Court pointed out, the onus of general superintendence over the courts of this Commonwealth has been allocated to the Supreme Court. 507 Pa. at 199, 489 A.2d at 1286. This statement is imperatively important since the majority herein relies exclusively on the Supreme Court's power as enunciated in *Municipal Publications* in determining that this Court has jurisdiction in this matter.

While I agree that a governmental administrative body, such as the board herein, is not part of the "unified judicial system" as that term is defined in section 301 of the Judicial Code, 42 Pa.C.S. § 301, I disagree, based on the chain of command set forth in Article V, section 10 of our constitution that this Court, and not the Supreme Court, has jurisdiction herein. Although this Court has its own areas of jurisdiction as conferred by statute, this Court is still subject to the supervisory powers of the Supreme Court. In light of this exclusive right possessed by the Supreme Court, I fail to see how the Supreme Court could possibly be without jurisdiction when the Commonwealth Court is cloaked with jurisdiction over the same matter. To deny the Supreme Court that same power of authority that is statutorily bestowed upon this court is beyond my comprehension and logic.

Accordingly, given the unique factual circumstances found herein, specifically the fact that the subpoena in question has been issued to the Chief Justice of our Supreme Court, I would sustain Vartan's first prelimi-

nary objection and transfer this matter to the Supreme Court for disposition.