IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rivera,                                :
                            Petitioner         :
                                               :
            v.                                 :    No. 487 M.D. 2018
                                               :    Submitted: April 5, 2019
James L. Haddock,                              :
                            Respondent         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                     FILED: October 1, 2019

            Before the Court are the preliminary objections in the nature of a
demurrer filed by Luzerne County Prothonotary James L. Haddock to Michael
Rivera's *pro se* petition for review seeking a writ of mandamus.[1] Rivera asks this
Court to compel Haddock to docket Rivera's praecipe for entry of default judgment
in his civil action against county prison officials.[2] Because Rivera's petition fails to
state a claim for relief in mandamus, we sustain Haddock's preliminary objections
and dismiss the petition.

            In his petition, Rivera avers that he filed an application for leave to
proceed *in forma pauperis* in a civil action he currently has pending in the Court of

---

[1] The common law writ of mandamus has been replaced with the generic petition for review. PA.
R.A.P. 1502. Where, as here, an action seeking to invoke this Court's original jurisdiction to
review a governmental determination is initiated by a complaint in mandamus, the complaint will
be treated as a petition for review. *Commonwealth Through Unified Judicial System v. Vartan*,
674 A.2d 1156, 1160 n.6 (Pa. Cmwlth. 1996), *rev'd on other grounds*, 733 A.2d 1258 (Pa. 1999).

[2] *Rivera v. Rockovich*, (Luzerne Co. C.P. Pa. Docket No. 3436 of 2018).

Common Pleas of Luzerne County (trial court). The trial court granted the application, stating that Rivera "shall not be required to pay the <u>initial filing fee</u> or <u>service costs</u> payable in connection with such matter." Trial Court Order, 3/19/2018; (emphasis in original); Petition for Review, Exhibit A. Thereafter, Rivera served his complaint on the defendants in his civil action. When the defendants did not answer, Rivera filed a notice of intention to file a praecipe for entry of default judgment, and later, attempted to file said praecipe. He did not include a filing fee. The Prothonotary's office returned Rivera's attempted filings, stating that Rivera's *in forma pauperis* status did not cover the $21.50 filing fee for the entry of a default judgment. Rivera responded that the Prothonotary's office erred and that he was not responsible for the filing fee. The Prothonotary's office responded that he could request reconsideration of the trial court's order granting him limited *in forma pauperis* status; otherwise, he would need to pay the filing fee. Rivera then filed the instant petition for review.

Before this Court, Rivera argues that Haddock erroneously interpreted Rule 240 of the Pennsylvania Rules of Civil Procedure when he refused to waive the filing fee and docket Rivera's praecipe for default judgment.[3] Rivera requests this Court to compel Haddock to do so.

In response to Rivera's petition, Haddock filed preliminary objections in the nature of a demurrer.[4] Haddock asserts that Rivera is not entitled to a writ of

---

[3] Rule 240 sets forth the requirements for proceeding *in forma pauperis* in a civil action. PA. R.C.P. NO. 240.

[4] Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure provides:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> * * *
>
> (4) legal insufficiency of a pleading (demurrer).

2

mandamus because Haddock has no duty to docket Rivera's praecipe. Second, Haddock argues that this Court lacks jurisdiction because Rivera had an alternative legal remedy, *i.e.*, a motion for reconsideration of the trial court's order granting him limited *in forma pauperis* status. Lastly, Haddock avers that Rivera's petition became moot once the defendants in Rivera's civil suit filed an answer and new matter.

We begin with a review of the relevant law. A writ of mandamus is available only to compel the performance of a ministerial act where there exists: (1) a clear legal right in the petitioner; (2) a corresponding duty in the respondent; and (3) the lack of any other adequate and appropriate remedy. *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001). The purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established. *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). In considering a demurrer, we "must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.* at 913. This Court "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.*

Here, Haddock argues that Rivera's petition does not state a claim in mandamus because Haddock has no duty to accept Rivera's praecipe without payment of the requisite fee. We agree. The trial court's order granting Rivera *in forma pauperis* status relieved Rivera from paying the "<u>initial filing fee</u> or <u>service</u>

PA. R.C.P. NO. 1028(a)(4).

3

costs payable in connection with such matter." Trial Court Order, 3/19/2018; (emphasis in original); Petition for Review, Exhibit A. It did not extend to any other fees, such as those required for filing a praecipe. Section 3(b) of the Act of November 26, 1982, P.L. 744, provides that "[t]he prothonotary shall not be required to enter on docket … any judgment thereon or perform any services whatsoever for any person … until the requisite fee is paid." 42 P.S. §21073. The requisite fee for the entry of a default judgment in Luzerne County is $21.50.[5] Without the payment of this fee, Haddock had no duty to accept, and in fact was required to reject, Rivera's praecipe for entry of default judgment. *Warner v. Cortese*, 288 A.2d 550, 552 (Pa. Cmwlth. 1972) (explaining that a county prothonotary must collect fees fixed by the legislature). Because Rivera has failed to establish that Haddock had a duty to accept his praecipe for docketing, we sustain Haddock's preliminary objection in the nature of a demurrer.

Alternatively, Haddock argues that Rivera is not entitled to a writ of mandamus because he had another legal remedy available to him; Rivera could have requested reconsideration of the trial court's order granting him limited *in forma pauperis* status. We agree. *See Brown v. Bradford*, 194 A.3d 1141 (Pa. Cmwlth. 2018) (*pro se* litigant may seek reconsideration of a trial court's order related to *in forma pauperis* status). Such a motion would have been the appropriate time for Rivera to raise his argument that the trial court's order conflicted with Rule 240(f)(1) of the Pennsylvania Rules of Civil Procedure, which states that a party proceeding

---

[5] The Luzerne County Prothonotary's Fee Schedule is available at https://pa-luzernecounty.civicplus.com/DocumentCenter/View/14924/2019-Prothonotary-Fee-Schedule (last visited September 27, 2019).

4

*in forma pauperis* "shall not be required to … pay any cost or fee … payable to any court or prothonotary."[6]

For all of the above reasons, we conclude that Rivera has failed to state a legally sufficient claim for mandamus relief. Consequently, we sustain Haddock's preliminary objections and dismiss Rivera's petition for review.

_____

MARY HANNAH LEAVITT, President Judge

---

[6] In light of our disposition, we need not consider Haddock's argument that Rivera's petition is moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rivera,            :
        Petitioner      :
                      :
      v.                 :    No. 487 M.D. 2018
                      :
James L. Haddock,       :
       Respondent    :

## **O R D E R**

AND NOW, this 1st day of October, 2019, the preliminary objections of Respondent James L. Haddock to Petitioner Michael Rivera's petition for review in the above-captioned matter are SUSTAINED and the petition for review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge