J-S01019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JOAN LICHTMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC FEDER | : | No. 2551 EDA 2019 |

Appeal from the Order Entered July 29, 2019,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  May Term, 2019 No. 2213.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:              **FILED MARCH 02, 2020**

Joan Lichtman appeals, *pro se*, from the order dismissing her Complaint in this mandamus proceeding.  The trial court concluded it lacked subject-matter jurisdiction, because Ms. Lichtman sued Eric Feder, the Deputy Court Administrator ("DCA") for the Office of Judicial Records of Philadelphia County, in his official capacity.  We agree.  However, the trial court then erroneously decided the merits of the case and dismissed it as frivolous.  We therefore transfer this case to the Supreme Court of Pennsylvania for disposition under that Court's original jurisdiction.

Ms. Lichtman has filed many appeals to this Court.[1]  Here, she again attempts to collect a judgment based on an order that the Honorable Gary S.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] By our latest count, this appears to be Ms. Lichtman's thirteenth time before this Court as an appellant.

Glazer of the Court of Common Pleas of Philadelphia County issued on July 1, 2009. To do so, Ms. Lichtman filed a mandamus action against the DCA in the Court of Common Pleas of Philadelphia County – *i.e.*, the court where the DCA works.

By way of background, we note that, in April of 2011, Judge Glazer revoked Ms. Lichtman's *in forma pauperis* status and ordered the DCA to decline any filings from her in the matter of **Lichtman v. Zelenkofske, Axelrod & Co., Ltd.**, June Term 2003 No. 1092 (C.C.P. Philadelphia), unless she pays the filing fee. In her current Complaint, Ms. Lichtman avers she is entitled to enter the July 2009 judgment against certain parties connected to **Lichtman v. Zelenkofske, Axelrod & Co., Ltd.** She further claims that "the Court of Common Pleas [of Philadelphia County] must enter the judgment on the public record, so [she] can get Writs of Execution issued, and thereby . . . collect payment of her moneys, which, for one decade, have been unlawfully withheld." Complaint at 4.

She asserts that, despite numerous attempts to record her judgment, "the Office of Judicial Records [of Philadelphia County] has repeatedly refused to perform its mandated duty of entering the judgment in [her] favor." **Id.** at 5. Ms. Lichtman alleges that the Office of Judicial Records will not accept her filings, because Judge Glazer illegally ordered the DCA to reject them. She therefore sued the DCA and asked the court to compel him to record her judgment. In her prayer for relief, Ms. Lichtman also seeks sanctions against Judge Glazer, even though she failed to name him as a defendant.

The DCA filed preliminary objections, asserting that the trial court lacked jurisdiction. He believes that only the Supreme Court of Pennsylvania may exercise original jurisdiction over him in a mandamus proceeding. Because the DCA is an officer of the trial court, he argues that only the High Court may issue such a writ to an inferior court. *See* Preliminary Objections at 3.

The Honorable Arnold L. New, Jr. considered Ms. Lichtman's application for *in forma pauperis* status in this mandamus action. Upon review of that application, he found that the trial court lacked subject-matter jurisdiction, because the Supreme Court of Pennsylvania has exclusive, original jurisdiction over actions in mandamus against the DCA. The trial court then dismissed Ms. Lichtman's Complaint as frivolous, and she timely appealed that order to this Court.

She raises three issues on the merits. *See* Lichtman's Brief at 2. Instead of addressing those issues, we must preliminarily determine:

> 1. Whether the court of common pleas had subject-matter jurisdiction over this proceeding?
>
> 2. If subject-matter jurisdiction was lacking, whether the court could dismiss the Complaint as frivolous?

Neither party objected to the trial court's dismissal of the Complaint on the grounds that it lacked subject-matter jurisdiction. But, as the DCA states, "Subject-matter jurisdiction can be raised at any time in a proceeding and cannot be waived." DCA's Brief at 4 (citing *Alexander v. Dept. of Transportation*, 880 A.2d 552, 556 (Pa. 2005)). Thus, Ms. Lichtman's failure

to object to the dismissal of her case on jurisdictional grounds is irrelevant. The DCA raised the issue of subject-matter jurisdiction below, and he repeats those arguments in this Court. As the error-correcting court, we may not ignore the oddity of a trial court acting on a case, despite its finding that it lacked jurisdiction.

Whether a trial court has subject-matter jurisdiction is a pure question of law. As such, "the standard of review . . . is *de novo*, and the scope of review is plenary." **In re Admin. Order No. 1-MD-2003**, 936 A.2d 1, 5 (Pa. 2007) (case citations and some punctuation omitted). The issue of subject-matter jurisdiction "may be raised at any time . . . including by a reviewing court *sua sponte*." **Id.** Finally, "subject-matter jurisdiction may not be conferred by consent of the parties, and a defect of such jurisdiction may not be waived." **Id.**

The General Assembly has granted the courts of common pleas broad, but not absolute, subject-matter jurisdiction. They lack jurisdiction over any case "where exclusive, original jurisdiction of an action or proceeding is by statute . . . vested in another court of this Commonwealth . . . ." 42 Pa.C.S.A. § 931(a). Hence, if another court of this Commonwealth enjoys exclusive, original jurisdiction over this matter, then the trial court correctly ruled that it had no jurisdiction.

The DCA contends (and the trial court agrees) that exclusive, original jurisdiction over Ms. Lichtman's request for mandamus against the DCA lies in the Supreme Court of Pennsylvania. **See** DCA's Brief at 4; Trial Court Opinion,

10/2/19, at 5-6. They both rely on cases from the Commonwealth Court of Pennsylvania for support. The DCA argues that his office is in the judicial branch and that, by suing him in his official capacity, Ms. Lichtman is actually suing the Court of Common Pleas of Philadelphia County. Thus, the DCA reasons that, due to the Supreme Court's constitutional power to oversee the judicial branch,[2] only the High Court may hear this matter.

Ms. Lichtman agrees with the DCA that the Office of Judicial Records is "within the judicial system." Lichtman's Brief at 7. Because the parties agree on that point, we consider what impact, if any, the DCA's inclusion within the Unified Judicial System of Pennsylvania has on the trial court's jurisdiction.

Under Pennsylvania law, officers of the Unified Judicial System are part of the Commonwealth. "Commonwealth government" means "government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system . . . ." 42 Pa.C.S.A. § 102. Hence, Ms. Lichtman's suit against the DCA in his official capacity is a suit against the judicial system and, by extension, the Commonwealth government.

Generally, the Commonwealth Court has original jurisdiction over "all civil actions or proceedings against the Commonwealth government, including any officer thereof, acting in his official capacity . . . ." 42 Pa.C.S.A. §

---

[2] **See** The Constitution of the Commonwealth of Pennsylvania Art. V, § 10 (empowering the Supreme Court of Pennsylvania to supervise the inferior courts and appoint the court administrators and other court staff).

761(a)(1) (some punctuation omitted). The statute then lists five exceptions to that rule, none of which is applicable here.[3] The original jurisdiction of Commonwealth Court over such proceedings is "exclusive, except as provided in section 721 (relating to original jurisdiction [of the Supreme Court]) and except with respect to actions or proceedings **by** the Commonwealth government, including any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas." 42 Pa.C.S.A. § 761(b) (emphasis added).

---

[3] The statutory exceptions to Commonwealth Court's original jurisdiction over civil actions against the Commonwealth government are as follows:

(i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;

(ii) eminent domain proceedings;

(iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);

(iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa.C.S.A. § 761(a)(1).

In other words, when someone sues the Commonwealth or one of its officers, the plaintiff must file her action in Commonwealth Court, unless one of the five exceptions applies. On the other hand, when the suit is filed by the Commonwealth or its officers as the plaintiff, the courts of common pleas and the Commonwealth Court share original jurisdiction. In those circumstances, the Commonwealth may file in either Commonwealth Court or the trial court of its choosing. The private litigant suing the Commonwealth, however, does not have the option of filing in a court of common pleas. Thus, any mandamus action against an officer of the Commonwealth must, according to the statutes, originate in Commonwealth Court, not a court of common pleas.

That said, we observe that the Commonwealth Court has declared a constitutionally mandated, sixth exception to its original jurisdiction over actions against judicial-branch officers. According to Commonwealth Court, the Supreme Court's precedents divest Commonwealth Court of its statutorily conferred, subject-matter jurisdiction when a plaintiff sues a judge or officer of the Unified Judicial System. *See, e.g., Commonwealth, Unified Judicial System v. Vartan*, 674 A.2d 1156 (Pa.Cmwlth. 1996).

To understand the rationale of our sister, appellate court in this regard, we must first consider the decision of the Supreme Court of Pennsylvania in *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County*, 489 A.2d 1286 (Pa. 1985). There, a corporate defendant sought a trial judge's recusal. That judge both presided over and sat as a witness in

his own recusal hearing. He testified, found himself credible, and denied the motion to recuse.

The defendant then petitioned Superior Court for a writ of prohibition,[4] which we issued and disqualified all of the judges in Philadelphia County from hearing the case. The plaintiff appealed to the Supreme Court, which found that Superior Court lacked original jurisdiction in the prohibition proceeding.

The High Court held that Superior Court's jurisdiction arises solely from statutes. Under 42 Pa.C.S.A. § 741, the Superior Court has "jurisdiction to issue a writ of mandamus or prohibition only where an appeal properly within its appellate jurisdiction is pending before [Superior Court] and where the issuance of such a writ is necessary to protect [Superior Court's] appellate jurisdiction." *Municipal Publications*, 489 A.2d at 1288 (citations omitted). Additionally, the High Court stated that, if it were to accept this Superior Court's interpretation of the jurisdictional statutes, it "would be tantamount to giving the Superior Court broad King's Bench powers." *Id.* Finding the actions of Superior Court were not authorized by statute, the Supreme Court vacated the decision of Superior Court and assumed plenary jurisdiction over the case.

The Commonwealth Court has interpreted *Municipal Publications* to mean that "where a party files a petition for a writ of mandamus or prohibition to a 'court of inferior jurisdiction' in an appellate court, where no appeal is

---

[4] At common law, the writ of prohibition is the remedial opposite of the writ of mandamus. If issued, it forbids judicial action, rather than compels it.

currently pending, the Supreme Court's original jurisdiction over such a petition is exclusive." **Unified Judicial System**, 674 A.2d at 1159; **see also Leiber v. County of Allegheny**, 654 A.2d 11 (Pa.Cmwlth. 1994). The Commonwealth Court "does not have jurisdiction to issue mandamus to courts of inferior jurisdiction, including magisterial district judges, except where the mandamus is ancillary to a pending appeal." **Kneller v. Stewart**, 112 A.3d 1269, 1271 (Pa.Cmwlth. 2015).

While this Court need not follow the decisions of the Commonwealth Court,[5] we recognize that the precedents of Commonwealth Court bind the trial court. The court below had no way of knowing whether Ms. Lichtman would appeal its decision to the Commonwealth Court or the Superior Court. Thus, we cannot fault the trial court for following the precedents of the Commonwealth Court, especially given that they were the only authority that the DCA cited below.

Moreover, we find no reason to question the Commonwealth Court's deference to the Supreme Court in mandamus and prohibition actions against trial courts and their officers. In previous cases, the Commonwealth Court transferred the petitions for mandamus or prohibition to the Supreme Court, and we know of no instance where the Supreme Court remanded to the Commonwealth Court. Thus, the High Court has impliedly affirmed the

---

[5] **See, e.g., Maryland Cas. Co. v. Odyssey**, 894 A.2d 750, 756 n.2 (Pa.Super. 2006).

Commonwealth Court's rejection of subject-matter jurisdiction over such cases.

We believe the Commonwealth Court has correctly held that exclusive, original jurisdiction over petitions of mandamus and prohibition against officers of the unified judicial system lies solely in the Supreme Court of Pennsylvania. This is true, despite statutory language that, if literally applied, grants concurrent, original jurisdiction over such cases to the Supreme Court and Commonwealth Court.[6] Thus, the trial court correctly determined that it lacked subject-matter jurisdiction over Ms. Lichtman's petition for mandamus against the DCA.

This brings us to the question of whether the trial court erred when it dismissed Ms. Lichtman's Complaint on the merits as frivolous. We conclude that it did.

A court without jurisdiction may not decide a case on its merits, because it is incompetent to do so. As we have explained:

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case. Without such jurisdiction, there is no authority to give judgment, and one so entered is without force or effect.

---

[6] ***See*** 42 Pa.C.S.A. § 721 (directing that the Supreme Court of Pennsylvania "shall have original but not exclusive jurisdiction of all cases of . . . mandamus or prohibition to courts of inferior jurisdiction.")

*In re Estate of Ciuccarelli*, 81 A.3d 953, 958 (Pa.Super. 2013) (quoting *Aronson v. Sprint Spectrum, L.P.*, 767 A.2d 564, 568 (Pa.Super. 2001).

Here, once the trial court determined that it lacked jurisdiction, it also lacked the authority to declare Ms. Lichtman's Complaint frivolous. That ruling and its accompanying dismissal were "without force or effect." *Id.*

The General Assembly granted leniency to plaintiffs, such as Ms. Lichtman, who erroneously commence their actions in a court without jurisdiction by providing them a remedy. "A matter which is within the exclusive jurisdiction of a court . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth *shall be transferred* by the other tribunal to the proper court . . . of this Commonwealth where it shall be treated as if originally filed in the transferee court . . . on the date when first filed in the other tribunal." 42 Pa.C.S.A. § 5103(a) (emphasis added). "As used in this section 'tribunal' means a court . . . ." 42 Pa.C.S.A. § 5103(d).

Under Section 5103(a) of the Judicial Code, the trial court should have transferred this matter to the Supreme Court for disposition under the High Court's original jurisdiction. As Commonwealth Court has opined, "where a petitioner requests this court to issue a writ of mandamus or prohibition to a 'court of inferior jurisdiction' and there is no appeal pending before [Commonwealth Court,] . . . *we must transfer* the matter to the Supreme Court pursuant to Sections 721 and 5103(a) of the Judicial Code." *Unified Judicial System*, 674 A.2d at 1159 (citing *Leiber*, *supra*) (emphasis added).

- 11 -

*See also Feingold v. Feder*, 230 MD 2016, unpublished Judgment Order (Pa.Cmwlth. 2016) (transferring a mandamus action against the DCA, filed in Commonwealth Court's original jurisdiction, to the Supreme Court of Pennsylvania); *Vu v. Evers*, 13 MD 2014, unpublished Judgment Order (Pa.Cmwlth. 2014) (accord).   We find these cases to be persuasive[7] and illustrative of the proper disposition for Ms. Lichtman's Complaint which she mistakenly filed in a court of common pleas.

It is clear that this matter should proceed before the Supreme Court of Pennsylvania.   We therefore modify[8] the appealed-from order as follows:

> **AND NOW**, this 29th day of July, 2019, upon consideration of the Motion to Proceed *In Forma Pauperis* filed by Joan Lichtman, and upon a finding that the Court of Common Pleas of Philadelphia has no subject-matter jurisdiction over this mandamus action against Deputy Court Administrator Eric Feder, in his official capacity, the action is hereby **TRANSFERRED** to the Supreme Court of Pennsylvania, pursuant to 42 Pa.C.S.A. § 5103(a) for disposition under the exclusive, original jurisdiction of the Supreme Court.

Order affirmed as modified.[9]

---

[7] The Commonwealth Court permits citation to its unpublished, panel decisions dating after January 15, 2008 "for [their] persuasive value, but not as binding precedent."  210 Pa. Code § 69.414; I.O.P. Pa.Cmwlth. § 414(a).

[8] This Court "may . . . modify . . . any order brought before it for review . . . ."  42 Pa.C.S.A. § 706.  We use this statutory tool of order modification in the interest of judicial economy, instead of vacating the order and remanding to the trial court with instructions to transfer the case to the Supreme Court for disposition, as if Ms. Lichtman had originally filed in the High Court.

[9] In light of our disposition of this appeal, the motion that Ms. Lichtman filed in this Court is denied as moot.

Case transferred to the Supreme Court of Pennsylvania.

Judge Strassburger joins this Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/20