IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Amar Wilkins,        :
          Petitioner        :
                                    :
          v.                 :   No. 672 M.D. 2019
                                    :   Submitted: August 28, 2020
Michael R. Clark, Superintendent at   :
Albion-Jessica Davis, Prison Records  :
Room Employee – and the Commonwealth  :
of Pennsylvania Department of Corrections, :
          Respondents      :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: December 29, 2020


      Before the Court are the preliminary objections in the nature of a demurrer filed by Michael R. Clark, Superintendent of the State Correctional Institution (SCI) at Albion; Jessica Davis, an employee in the records room of SCI-Albion; and the Department of Corrections (collectively, Department) to Thomas Amar Wilkins' *pro se* petition for review seeking a writ of mandamus.[1] Wilkins asks this Court to compel the Department to award him credit for time served pursuant to an order of the Court of Common Pleas of Blair County. Because

---

[1] The common law writ of mandamus has been replaced with the generic petition for review. PA. R.A.P. 1502. Where, as here, an action seeking to invoke this Court's original jurisdiction to review a governmental determination is initiated by a complaint in mandamus, the complaint will be treated as a petition for review. *Commonwealth Through Unified Judicial System v. Vartan*, 674 A.2d 1156, 1160 n.6 (Pa. Cmwlth. 1996), *rev'd on other grounds*, 733 A.2d 1258 (Pa. 1999).

Wilkins' petition fails to state a claim for relief in mandamus, we sustain the Department's preliminary objections and dismiss the petition.

Wilkins is an inmate currently incarcerated at SCI-Albion. Wilkins was arrested on July 25, 2015, in Cambria County for possession with intent to deliver a controlled substance and other drug-related charges. He pled guilty on November 24, 2015. On February 2, 2016, Wilkins was sentenced to a prison term of 2 to 4 years and given 193 days of credit for time served from July 25, 2015, to the date of sentencing.

On April 1, 2016, Wilkins pled guilty in Blair County to possession of a controlled substance, possession with intent to deliver a controlled substance and criminal use of a communication facility. On April 6, 2016, he was sentenced to 5 to 15 years' incarceration, which the Blair County court ordered to run concurrently with the Cambria County sentence. The Blair County court also awarded Wilkins 152 days of credit for time served from November 1, 2015, to April 1, 2016.

Wilkins filed a petition under the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546, alleging that the Department improperly refused to acknowledge the time credited to his sentence by the Blair County court. On September 21, 2018, in response to the petition, the Blair County court issued an order explaining:

> It was always the intent of all parties including the Commonwealth and this Judge that [Wilkins'] Blair County sentence would run concurrent with the Cambria County sentence and that he was to receive credit going back to July 25, 2015. The Court re-emphasizes that here and now. It is this Court's intention that his sentence which continues at [SCI-Albion] shall be calculated consistent with the above. Simply put, [Wilkins] is entitled to the bargain that he arrived at with the District Attorney's Office on April 1, 2016[,] in which this Court provided him. He has been continuously incarcerated since the July 25, [2015,] date on charges which included Blair County.

2

Petition for Review, Exhibit B.

In his petition to this Court, Wilkins contends that the Department has improperly refused to give him credit for the time he was incarcerated in Blair County from April 6, 2016, to April 6, 2018, as required by the Blair County court's September 21, 2018, order. Because the Blair County court ordered its sentence to run concurrently with that imposed by Cambria County, Wilkins asserts that the Blair County court's order entitles him to credit for 152 days of time served going back to July 25, 2015. Wilkins seeks an order from this Court compelling the Department to award him such credit in compliance with the Blair County court's September 21, 2018, order.

In response to Wilkins' petition, the Department filed preliminary objections in the nature of a demurrer.[2] The Department asserts that Wilkins is not entitled to a writ of mandamus because he has no clear legal right to the relief he seeks, which the Department contends is an attempt to obtain double credit for time served, or the application of the same pre-sentence credit toward two different sentences. The Department also argues that Wilkins has other available remedies; he can file a motion to modify his sentence or to withdraw his guilty plea *nunc pro tunc* if he believes he did not receive the benefit of his negotiated plea bargain.

A writ of mandamus is available only to compel the performance of a ministerial act where there exists: (1) a clear legal right in the petitioner; (2) a corresponding duty in the respondent; and (3) the lack of any other adequate and

---

[2] Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure provides:

    (a)   Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

* * *

    (4) legal insufficiency of a pleading (demurrer).

PA. R.C.P. NO. 1028(a)(4).

appropriate remedy. *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001). A mandamus action is not available to establish legal rights but, rather, to enforce those rights which are already established. *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). In considering a demurrer, we "must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.* This Court "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.*

Here, the Department argues that Wilkins does not state a claim in mandamus because he has no clear, legal right to receive double credit. We agree. Section 9760 of the Sentencing Code[3] governs credit for time served. It requires a court to give credit to a defendant

> for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. §9760. The underlying policy is that a defendant should receive credit for time spent in custody prior to sentencing for a particular offense. *Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008). Once a defendant is sentenced by any Pennsylvania court, he is no longer in custody as a result of criminal charges for any other offense. *Commonwealth v. Lloyd*, 509 A.2d 868, 872 (Pa. Super. 1986). Consequently, because a defendant is deemed to be incarcerated "as a result of" the

---

[3] 42 Pa. C.S. §§9701-9799.75.

first conviction, he is not entitled to receive additional time credit for subsequent sentences imposed by other courts. *Commonwealth v. Hollawell*, 604 A.2d 723, 726 (Pa. Super. 1992).

"Our courts have consistently held that the [Department] cannot be compelled to award double credit and that mandamus is not available where a prisoner is seeking to have the [Department] apply credit to another sentence for an unrelated offense that the prisoner was serving at the time he was sentenced." *Taglienti v. Department of Corrections*, 806 A.2d 988, 993 (Pa. Cmwlth. 2002).

Here, the Cambria County court awarded Wilkins 193 days of credit for time served.[4] In doing so, the court credited his sentence for time served from July 25, 2015, to the date of his sentencing on February 2, 2016. The Blair County sentencing court also awarded Wilkins credit toward his concurrent sentence. There, he received 152 days of credit for time served from November 1, 2015, to April 1, 2016. The Department's sentence summary reports show that it recalculated Wilkins' maximum sentence date based on both of these orders.[5]

Moreover, nothing in the Blair County court's order mandates that Wilkins be given credit for time served from April 6, 2016, through April 6, 2018.

---

[4] Although the Department attaches the sentence summary report to its preliminary objections, we also take judicial notice of the docket at *Commonwealth v. Thomas Amar Wilkins* (C.C.P. Cambria County, No. CP-11-CR-1623-2015) and *Commonwealth v. Thomas Amar Wilkins* (C.C.P. Blair County, No. CP-07-CR-2062-2015). This Court may take judicial notice of official court records and public documents. PA. R.E. 201(b)(2); *Doxey v. Department of Corrections,* 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996).

[5] Normally, a demurrer must be limited to facts appearing on the face of the challenged pleading. *Richardson v. Wetzel*, 74 A.3d 353, 358 n.4 (Pa. Cmwlth. 2013). However, "a limited exception to the rule against speaking demurrers exists for documents filed in support of a demurrer where a plaintiff has averred the existence of certain written documents and premised his cause of action upon those documents." *Id.* (quoting *Barndt v. Department of Corrections*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006)).

Accordingly, Wilkins has no clear right to the relief he seeks because he was not entitled to 720 days of credit for time served. Based on the above, we also find that the Department had no corresponding duty to act.

Alternatively, the Department argues that Wilkins is not entitled to a writ of mandamus because he had other legal remedies available to him; Wilkins could have filed a motion to modify his sentence or to withdraw his guilty plea *nunc pro tunc* if he believes he did not receive the benefit of his negotiated plea bargain. This Court has held that "where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court and through the direct appeal process[.]" *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 356 (Pa. Cmwlth. 2007); *Hollawell*, 604 A.2d at 725. However, there is no indication that the Blair County sentencing court did not award Wilkins full credit for time served. The Department applied the Blair County court's order as written. If Wilkins believes that the terms of his plea agreement were not fulfilled, his complaint should be lodged against the Commonwealth, not the Department. *Staton v. Board of Probation and Parole*, 171 A.3d 363, 366-67 (Pa. Cmwlth. 2017) (finding that an inmate's complaint about his plea bargain had to be brought against the Commonwealth).

For all of the above reasons, we conclude that Wilkins has failed to state a legally sufficient claim in mandamus. Consequently, we sustain the Department's preliminary objections and dismiss Wilkins' petition for review.

_____
MARY HANNAH LEAVITT, President Judge

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Amar Wilkins, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 672 M.D. 2019 |
| | : | |
| Michael R. Clark, Superintendent at | : | |
| Albion-Jessica Davis, Prison Records | : | |
| Room Employee – and the Commonwealth | : | |
| of Pennsylvania Department of Corrections, | : | |
| Respondents | : | |

## **O R D E R**

AND NOW, this 29th day of December, 2020, Respondents'
preliminary objections to Petitioner Thomas Amar Wilkins' petition for review in
the above-captioned matter are SUSTAINED, and the petition for review is
DISMISSED.

_____

MARY HANNAH LEAVITT, President Judge