David RICHARDSON, Petitioner

v.

Jeffrey A. BEARD, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2007.

Decided Jan. 18, 2008.

David D. Richardson, petitioner, pro se.

Scott A. Bradley, Sr. Deputy Attorney General, Pittsburgh and Susan J. Forney, Chief Deputy Attorney General, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, COLINS, Senior Judge *, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge COLINS.

Before the court are Jeffrey A. Beard's preliminary objections to David Richardson's amended petition for review challenging DC–ADM 003, the Department of Corrections' Release of Information Policy, effective January 18, 2007, as it pertains to charges for the reproduction of inmate medical records.

The facts as averred in the amended petition for review are as follows:

4. The Respondent is directly responsible for issuing statewide administrative directives (DC–ADM), for the Department of Corrections (D.O.C.).

5. On January 18, 2007, the respondent issued DC–ADM 003, regarding Release of Information.

6. DC–ADM 003 III. APPLICABILITY: is applicable to all Department employees, volunteers, contract personnel, visitors, and inmates.

7. DC–ADM 003 VI. PROCEDURES, F(2)-Copying Charges for the reproduction of medical records are charged in accordance with the Medical [R]ecords Act, 42 Pa.C.S. § 6152, and are contained in (Attachment C).

8. (Attachment C) provides that the following charges shall be imposed for the reproduction of medical records: 1). A fee of $1.25 per page for pages 1–20; 2). a fee of $.93 per page for pages 21–60; 3). a fee of $.31 per page for pages 61–end; 4). amount of First Class postage shall be determined by weight; ... 8). the search and retrieval of records-$18.54 (all requests for medical records shall be mailed First Class. The person/group requesting the records is responsible for the actual cost of postage, shipping, and delivery).

9. DC–ADM as aforestated, expounds upon 42 Pa.C.S. § 6152, as amended, (36 Pa.B. 7685), effective January 1, 2007, by limiting discretion in an individual case to impose a fee other than the statutory maximums.

10. DC–ADM as aforestated, constitutes a 'binding norm' upon (D.O.C.) personnel and inmates alike.

11. DC–ADM as forestated, is a 'regulation' as that term is defined by 45 P.S. § 1102(12).

12. DC–ADM as forestated, was promulgated in violation of 45 P.S. § 1201 et seq.

13. Petitioner has a right to copies of his medical records at a cost which is reasonably related to the cost of making the copies.

14. DC–ADM as forestated costs are inflated and unjustified when examined under Petitioner's right pursuant to 28 Pa.Code § 115.29.

---

* The decision in this case was reached after the date that Judge Colins assumed the status of senior judge.

15. Access to Petitioner's medical records can only be restricted by attending physician for medical reasons.

16. DC–ADM as forestated, places an unreasonable restriction upon Petitioner's right of access to his medical records by a non-physician for non-medical reasons. SEE, 28 Pa.Code § 103.22(a)(b)(15).

17. Petitioner has no plain, adequate, or complete remedy at law to redress the wrongs cited hereinafore.

Richardson seeks a declaration that he has a right to copies of his medical records at a cost reasonably related to the cost of reproduction pursuant to 28 Pa.Code § 115.29; and that DC–ADM 003 is a regulation and unconstitutional because it was not promulgated in compliance with the law known as the Commonwealth Documents Law (CDL).[1]

Secretary Beard's preliminary objection in the nature of a demurrer avers that Richardson's complaint is defective in that 1) he failed to exhaust his administrative remedies prior to filing the instant prison conditions litigation as required by the Pennsylvania Prison Litigation Reform Act, 42 Pa.C.S. §§ 6601–6008; 2) he fails to state a claim on the merits because DC–ADM is a Department of Corrections policy, not a regulation subject to the requirements of the CDL; and 3) the fees imposed for copying medical records are not unreasonable.

▇▇▇ In considering preliminary objections, we must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Sheffield v. Department of Corrections,* 894 A.2d 836 (Pa.Cmwlth.2006). Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. *Id.* We need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Myers v. Ridge,* 712 A.2d 791 (Pa.Cmwlth.1998).

▇▇▇ First, Secretary Beard argues that the amended petition for review should be dismissed because Richardson's claims should have been raised initially in administrative proceedings under the inmate grievance system and because the exhaustion requirements of the federal Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), are made applicable to the present litigation by the terms of the Pennsylvania Prison Litigation Reform Act, 42 Pa.C.S. § 6603. Because Section 6603(a) applies only when the prison litigation alleges in whole or in part a violation of federal law, and the amended petition for review does not allege any violation of federal law, we cannot agree with the Secretary that Richardson's claims should have been raised initially in a grievance.

▇▇▇ Second, Secretary Beard argues that DC–ADM 003 is not a regulation as that term is defined in the CDL and is therefore not subject to that law's administrative requirements. Section 102 of the CDL defines "regulation" as "any rule or regulation, or order in the nature of a rule or regulation, promulgated by an agency under statutory authority in the administration of any statute administered by or relating to the agency, or prescribing the practice or procedure before such agency." CDL Section 102(12), 45 P.S. § 1102(12). Clearly, DC–ADM 003, Release of Information Policy, which pertains to all requests for information in addition to release of inmate medical records, does not fall within this statutory definition as it is

---

1. Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1101–1602.

not promulgated by the Department of Corrections in the administration of any statute administered by or relating to the agency, nor does it prescribe practice or procedure before the agency.

Richardson avers that DC–ADM 003 establishes a binding norm and is therefore subject to the requirements of the CDL. In *Chimenti v. Department of Corrections,* 720 A.2d 205 (Pa.Cmwlth.1998), in determining whether DC–ADM 818 was subject to the CDL, this Court concluded that the Corrections policy, which had a stated purpose of promulgating rules, regulations, and procedures governing inmate telephone privileges and electronic surveillance of inmate telephone calls, is not a regulation and did not establish a binding norm, but rather is a statement of policy that sets forth the Department of Corrections' interpretation of the wiretapping law and notifies inmates about access to the system, procedure for obtaining telephone privileges, and restrictions on its use.

Applying the same principles we applied in *Chimenti,* we note that the stated purpose of DC–ADM 003 is to establish procedures to be used when responding to all requests (by inmates and non-inmates) for information addressed to the Department of Corrections and to ensure that information is released in accordance with the applicable law and Corrections policy.[2] The Release of Information policy sets forth the Department of Corrections' implementation of the Right–to–Know Law[3] and procedures for release of many types of information, including inmate requests for medical records; for example, depending on the type of information requested, the policy informs requesters of information to whom a request for information should be directed and how the request

may be fulfilled if granted. The policy specifically states that it does not create rights in any person and should not be interpreted or applied in such a manner to abridge the rights of any individual. "The policy should be interpreted to have sufficient flexibility to be consistent with law...." DC–ADM 003 VIII.

We must conclude that DC–ADM 003, like the policy at issue in *Chimenti,* is not a regulation, but rather a statement of policy that announces the agency's policy with respect to all releases of information, including its implementation of right-to-know requests and requests for medical records. The policy does not establish a standard of conduct that has the force of law, and it leaves the Department of Corrections free to exercise discretion to follow or not follow the policy in an individual case. *Chimenti.* DC–ADM 003 is not subject to the CDL's administrative requirements.

■ Turning to Richardson's averments that he has a right to copies of his medical records at a cost that is reasonably related to the cost of making the copies pursuant to 28 Pa.Code § 115.29, and that the fees set forth in DC–ADM 003 for the reproduction of medical records place an unreasonable restriction on his right of access to his medical records, we must conclude that he fails to state a claim. First, Richardson does not allege that he was denied "access" to his medical records or that he would be charged for merely reviewing the medical records, and he does not allege that he requested copies of his medical records and was charged fees that were not reasonably related to the cost of making the copies. Second, 28 Pa.Code § 115.29 pertains to patient access to medical records and applies to health care

---

**2.** Policy Statement DC–ADM 003 can be found at www.cor.state.pa.us.

**3.** Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.9.

facilities as defined in the Health Care Facilities Act[4] (HCFA) and related regulations, and Richardson does not allege that he is a patient as defined by the HFCA or that the Department of Corrections or Secretary Beard operates a health care facility within the meaning of the HFCA.

Finally, we note, DC–ADM 003, Attachment C, Copying Charges for Medical Records (PFR, para. 8), imposes fees for the reproduction of medical records that are in accordance with the Section 2 of the law known as the Medical Records Act,[5] 42 Pa C.S. § 6152. Without taking a position as to whether the maximum fees that may be charged for reproducing medical records requested pursuant to a subpoena duces tecum as set forth in 42 Pa C.S. § 6152(a)(2)(i) may be reasonable in the context of an inmate's request for copies of his medical records,[6] the bare allegations in Richardson's amended petition for review that these fees are inflated and unjustified, without a context in which the fees have been applied, fails to state a claim. We must conclude that the facts pleaded are legally insufficient to establish a right to relief.

Accordingly, the demurrer is sustained, and the petition for review is dismissed.

## ORDER

AND NOW, this 18th day of January 2008, respondent Beard's preliminary objection in the nature of a demurrer is sustained, and the petition for review is dismissed.

---

**4.** Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. §§ 448.101—448.904b. 28 Pa.Code § 115.29 states, in pertinent part, that "patients ... shall be given access to or a copy of their medical records" and that the patient "may be charged for the cost of reproducing the copies; however, the charges shall be reasonably related to the cost of making the copy."

**5.** 42 Pa.C.S. §§ 6151–6159.

**6.** 42 Pa.C.S. § 6152, permits a health care provider or facility to respond to a subpoena for medical records with an estimate of the "actual and reasonable expenses" of reproducing and certifying the requested records. Subsection (a)(2)(i) sets maximum fees for reproduction of medical records including fees for searching and retrieving the records.