IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elmer Davenport, : 
          Petitioner : 
           : 
      v. : No. 724 M.D. 2018
       : Submitted: April 26, 2019
Pennsylvania Department : 
of Corrections, : 
          Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: July 26, 2019

Before the Court are the Pennsylvania Department of Corrections' (Department) preliminary objections in the nature of a demurrer to Elmer Davenport's (Davenport) *pro se* petition for review in the nature of a mandamus action. Davenport seeks an order directing the Department to reevaluate its requirement that he participate in a treatment program for sex offenders. Concluding that Davenport's petition fails to state a claim in mandamus, we sustain the Department's preliminary objections and dismiss the petition.

Davenport is an inmate at the State Correctional Institution at Frackville (SCI Frackville) serving a life sentence for murder. Concurrent with this sentence, Davenport was sentenced to 20 years of imprisonment for a rape conviction, which he completed in March 2014. In his petition, Davenport alleges that since 2007, as part of his correctional plan, the Department has required him to participate in a treatment program for sex offenders. He objects to this requirement because "he

was not guilty of the charge of rape and … the victim in his case was not a minor." Petition at 3, ¶10. Davenport has filed several grievances about the requirement that he participate in the sex offender program, to which the Department responded that "because he had a rape conviction … he was required to attend and participate in the [treatment program for sex offenders]." *Id.* at 4, ¶13. Because Davenport refuses to participate in the treatment program, the Department has denied him "educational opportunities; job opportunities; requested housing assignments; visits; and more." *Id.* at 3-4, ¶11.

In his petition, Davenport asserts that the Department has no authority to require him to participate in a sex offender treatment program, for which the applicable requirements are set forth in Section 9718.1(a) of the Sentencing Code, 42 Pa. C.S. §9718.1(a).[1] The petition asserts that Section 9718.1(a) does not apply

---

[1] This section states:

(a) General rule.**--**A person, including an offender designated as a "sexually violent predator" as defined in section 9799.12 (relating to definitions) or 9799.53 (relating to definitions), shall attend and participate in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated in a State institution for any of the following provisions under 18 Pa.C.S. (relating to crimes and offenses):

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses) if the offense involved a minor under 18 years of age.

(2) Section 4304 (relating to endangering welfare of children) if the offense involved sexual contact with the victim.

(3) Section 6301 (relating to corruption of minors) if the offense involved sexual contact with the victim.

(4) Open lewdness, as defined in section 5901 (relating to open lewdness), if the offense involved a minor under 18 years of age.

(5) Prostitution, as defined in section 5902 (relating to prostitution and related offenses), if the offense involved a minor under 18 years of age.

(6) Obscene and other sexual materials and performances, as defined in section 5903 (relating to obscene and other sexual materials and performances), if the offense involved a minor under 18 years of age.

2

to Davenport because his rape victim was an adult. In any case, Section 9718.1(a) ceased to have any application in March 2014, when he completed his maximum sentence for the rape conviction. Davenport requests this Court to direct the Department to reevaluate its requirement that he participate in the sex offender treatment program.

In response to Davenport's petition, the Department filed preliminary objections in the nature of a demurrer.[2] The Department argues that the petition does not establish a clear legal right to relief because the Department has a legitimate penological interest in requiring sex offenders to participate in a treatment program as part of their rehabilitation. Department Preliminary Objections at 3, ¶¶16-17. Additionally, the Department contends that it has the authority to require an inmate to participate in a treatment program even if the inmate has not been convicted of a sex offense. *Id.* at 5, ¶20.

Mandamus is an extraordinary writ that is available to compel performance of a ministerial duty where there exists: (1) a clear legal right in the petitioner; (2) a corresponding duty in the respodent; and (3) the lack of any other adequate and appropriate remedy. *Banks v. Department of Corrections*, 759 A.2d

---

(7) Sexual abuse of children, as defined in section 6312 (relating to sexual abuse of children).

(8) Section 6318 (relating to unlawful contact with minor).

(9) Section 6320 (relating to sexual exploitation of children).

(10) Section 4302 (relating to incest) if the offense involved a minor under 18 years of age.

(11) An attempt or solicitation to commit any of the offenses listed in this subsection.

42 Pa. C.S. §9718.1(a).

[2] Pursuant to Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure, any party may file preliminary objections to any pleadings based upon the "legal insufficiency of a pleading (demurrer)." PA. R.C.P. NO. 1028(a)(4).

432, 433 (Pa. Cmwlth. 2000). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). In considering a demurrer, the Court "must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.* This Court "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.*

Here, the Department argues that Davenport's petition does not state a claim in mandamus because it has discretion to require an inmate to participate in a treatment program for sex offenders, regardless of whether the inmate has been convicted of a sex offense. Davenport counters that the Department has a duty to only prescribe a sex offender treatment program to an inmate whose offense meets the criteria in Section 9718.1 of the Sentencing Code. Davenport contends his conviction does not meet those criteria.

Section 9718.1 of the Sentencing Code requires persons convicted of certain enumerated offenses, including an offender adjudicated a sexually violent predator, to participate in the Department's sexual offender treatment program as a condition of parole. 42 Pa. C.S. §9718.1. Rape is an offense requiring sexual offender treatment if "the offense involved a minor under 18 years of age." 42 Pa. C.S. §9718.1(a)(1). However, Section 9718.1 does not limit the Department's authority to prescribe a sex offender program only to those inmates convicted of the crimes set forth in Section 9718.1. *See Jennings v. Department of Corrections* (Pa.

4

Cmwlth., No. 522 M.D. 2015, filed November 30, 2016) (Department did not abuse its discretion in prescribing sexual offender treatment program to inmate because Department has authority to prescribe any treatment that will further a safe prison environment) (unreported).[3]

Further, this Court has stated that the Department "has the authority to choose the programs that are necessary and conducive to an inmate's rehabilitative needs and such decision is entitled to judicial deference." *Robinson v. Board of Probation and Parole* (Pa. Cmwlth., No. 279 M.D. 2012, filed May 23, 2013) (unreported), slip op. at 4. Section 901-B of the Administrative Code of 1929, 71 P.S. §310-1,[4] specifically authorizes the Department to recommend an inmate's participation in treatment programs. The Department's regulation provides that the Department will "operate its institutions and programs to provide protection to the community, a safe and humane environment and opportunities for rehabilitation for the inmates." 37 Pa. Code §91.2. Finally, we have recognized that "[t]he institutional sex offender treatment program furthers a legitimate penological objective of rehabilitating those who have been convicted of a sex offense and those whose crimes include a sexual component." *Wilson v. Pennsylvania Board of Probation and Parole*, 942 A.2d 270, 273 (Pa. Cmwlth. 2008).

Davenport was convicted of a sexual crime, rape, of a victim who was not a minor. The Department has the authority to prescribe any treatment that it

---

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[4] Act of April 9, 1929, P.L. 177, *as amended*, added by the Act of December 30, 1984, P.L. 1299. Section 901-B gives the Department "the powers and duties … related to the administration, management and supervision of penal and correctional facilities, programs and services." 71 P.S. §310-1.

believes will advance Davenport's rehabilitation. It determined that participation in a treatment program for sex offenders was beneficial for Davenport's rehabilitation. This Court cannot direct the Department's exercise of its discretion.

For the foregoing reasons, we hold that Davenport cannot establish a clear legal right to have the Department reevaluate his participation in a treatment program for sex offenders.[5] Accordingly, the Department's preliminary objections are sustained and Davenport's petition is dismissed.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] In addition, the adverse consequences identified by Davenport for failing to participate in the Department's treatment program, *i.e.*, denial of certain employment opportunities and admission into vocational and academic classes, are not an atypical and significant hardship in relation to the ordinary incidents of prison life. *Wilson*, 942 A.2d at 273.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elmer Davenport,                          :
                        Petitioner         :
                                           :
            v.                             : No. 724 M.D. 2018
                                           :
Pennsylvania Department                    :
of Corrections,                            :
                        Respondent         :

# **O R D E R**

AND NOW, this 26th day of July, 2019, the preliminary objections of the Pennsylvania Department of Corrections to Petitioner's petition for review in the above-captioned matter are SUSTAINED and the petition for review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge