IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Nicole DeMaria, : 
                    Petitioner : 
                     : 
          v. :   No. 710 M.D. 2018
                     :   Submitted: May 17, 2019
Commonwealth of Pennsylvania, : 
Department of Corrections, : 
                    Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: October 23, 2019

      Jennifer Nicole DeMaria (DeMaria) has filed a petition for review in the nature of a complaint in mandamus to compel the Department of Corrections (Department) to admit her into a drug offender treatment program as a State intermediate punishment.[1] The Department filed a preliminary objection in the nature of a demurrer. Concluding that DeMaria's complaint does not state a clear right to relief, we sustain the demurrer and dismiss DeMaria's petition.

      The facts on which the demurrer must be reviewed are set forth in DeMaria's petition for review. In March 2018, DeMaria pled guilty to drug delivery resulting in death (two counts) and possession with intent to deliver. Prior to

---

[1] "State intermediate punishment" is a statutorily authorized sentencing alternative. 42 Pa. C.S. §9721(a)(7). The General Assembly has directed the Department to "establish and administer a drug offender treatment program as a State intermediate punishment." 61 Pa. C.S. §4105(a). The Department established its Drug Offender Treatment Program (DOTP) by regulation as a form of State intermediate punishment to provide a sentencing alternative for individuals who commit drug-related offenses. 61 Pa. Code §97.101. We refer to the DOTP and the State intermediate punishment program interchangeably in this opinion.

sentencing, the prosecutor advised the sentencing court that the Commonwealth waived the eligibility requirements for State intermediate punishment "based on the underlying charges." Petition ¶7 at 2. The sentencing court accepted the Commonwealth's waiver and referred DeMaria to the Department for an evaluation of whether placement in State intermediate punishment was appropriate. *Id*. ¶ 7-10 at 2-3. The Department, "without performing an evaluation," denied her admission to the State intermediate punishment program "based on the charges to which she had pled." *Id*. ¶11 at 3.

The sentencing court then held a second hearing, at which the Commonwealth again elected to waive the eligibility requirements for State intermediate punishment for "the [current] charges, as well as for any other charges in [her] past[.]" Petition ¶12 at 3. In accepting the Commonwealth's waiver, the sentencing court noted that "it did not believe that the Department of Corrections had the legal authority to deny [her] from the State [intermediate punishment] program following such waiver and court acceptance." *Id*. ¶13 at 4. The sentencing court again referred DeMaria to the Department for reassessment.

DeMaria alleges that the Department "performed only a minimal evaluation[.]" Petition ¶14 at 4. The Department determined that DeMaria was not eligible for State intermediate punishment because of "the context of her current offenses," "several prior unsuccessful treatment attempts," and "history of assaultive acts." Petition ¶28 at 6.

DeMaria further alleges that the Department's stated reasons for denying her placement in State intermediate punishment lack merit. She contends that the Commonwealth waived any disqualification based on the nature of her current offense and history of assaultive conduct. Further, she did not have a history

2

of unsuccessful drug treatment. DeMaria sought a writ of mandamus to compel the Department to place her in the State intermediate punishment program.

In response, the Department filed a preliminary objection in the nature of a demurrer. The Department contends that DeMaria lacks a clear right to relief because placement in State intermediate punishment requires the exercise of the Department's discretion, and mandamus is not available to compel the exercise of an agency's discretion in a particular way. It asks this Court to dismiss her mandamus complaint.

In a demurrer, the court "must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.* The court "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.*

Mandamus is an extraordinary writ that is available to compel a ministerial duty where there exists: (1) a clear legal right in the plaintiff; (2) a corresponding duty in the defendant; and (3) the lack of any other adequate and appropriate remedy. *Banks v. Department of Corrections*, 759 A.2d 432, 433 (Pa. Cmwlth. 2000). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

Here, the State intermediate punishment Drug Offender Treatment Program (DOTP) is a two-year program designed to rehabilitate inmates convicted of drug-related offenses who have an addiction to drugs or alcohol. 61 Pa. C.S.

§§4102-4108. The program addresses "the individually assessed drug and alcohol abuse and addiction needs of a participant" and "other issues essential to the participant's successful reintegration into the community." 61 Pa. C.S. §4105(a). An individual is eligible for State intermediate punishment if he or she has been convicted of a drug-related offense[2] and

> (1) Has undergone an assessment performed by the Department of Corrections, *which assessment has concluded that the defendant is in need of drug and alcohol addiction treatment and would benefit from commitment to a drug offender treatment program*[3] and that placement in a drug offender treatment program would be appropriate.
>
> (2) Does not demonstrate a history of present or past violent behavior.
>
> (3) Would be placed in the custody of the department if not sentenced to State intermediate punishment.
>
> (4) Provides written consent permitting release of information pertaining to the defendant's participation in a drug offender treatment program.

61 Pa. C.S. §4103 (emphasis added).[4]

---

[2] A "drug-related offense" is "[a] criminal offense for which a defendant is convicted and that the court determines was motivated by the defendant's consumption of or addiction to alcohol or a controlled substance, counterfeit, designer drug, drug, immediate precursor or marijuana, as those terms are defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act." 61 Pa. C.S. §4103.

[3] The term "drug offender treatment program" (DOTP) means "[a]n individualized treatment program established by the Department consisting primarily of drug and alcohol addiction treatment that satisfies the terms and conditions in section 9905 of the act [at 42 Pa. C.S. Chapter 99] (relating to drug offender treatment program)." 37 Pa. Code §97.102.

[4] A defendant is ineligible for State intermediate punishment if he or she is subject to a sentence which includes an enhancement for use of a deadly weapon; has been convicted or adjudicated

Placement in State intermediate punishment requires several steps. First, the sentencing court must determine whether an individual qualifies for placement. If so, the sentencing court refers the matter for an evaluation by the Department. 61 Pa. C.S. §4104(a)(1). Second, "[t]he Department will conduct a risk assessment and assess the addiction and other treatment needs of" the individual. 37 Pa. Code §97.104(a). The Department, in its evaluation, considers the following criteria:

(1) Information furnished to the Department by the sentencing court.[5]

(2) The results of the assessment of addiction and other treatment needs conducted by the Department.

(3) The length of the sentence that would be typically imposed under the standard range of the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing.

(4) The eligible offender's motivation to participate meaningfully in a DOTP.

(5) Whether the eligible offender has provided to the Department written consent permitting the release of information pertaining to the eligible offender's participation in a DOTP.

(6) The eligible offender's criminal history.

(7) The eligible offender's escape or parole absconder history.

---

delinquent of a crime requiring registration as a sexual offender; or has a current or prior conviction for specified offenses, none of which are applicable here. 61 Pa. C.S. §4103.

[5] The sentencing court provides the Department with a summary of the individual's offense; information relating to the individual's history of criminality and drug or alcohol abuse or addiction; the presentence investigation report; and any other information the sentencing court believes is relevant. 61 Pa. C.S. §4104(a)(2).

5

(8)   The eligible offender's institutional adjustment during current and prior incarcerations.

(9)   The availability of the Department's programming resources.

37 Pa. Code §97.106(a).  Where the Department, "in its discretion," believes the criminal defendant's placement in these programs is appropriate, it prepares a drug treatment program plan for the individual and provides it to the sentencing court.  61 Pa. C.S. §4104(c); 37 Pa. Code §97.104(b).  Upon receipt of a drug treatment program plan, the court may sentence an individual to State intermediate punishment.  61 Pa. C.S. §4104(d).[6]

The Department contends the law does not confer a legal right upon DeMaria to participate in State intermediate punishment.  DeMaria responds that she is "the perfect candidate for the State [intermediate punishment] program," as found by the sentencing court.  DeMaria Brief at 11.  DeMaria contends that the Department does not have the authority to overrule the sentencing court's determination that a disqualification has been waived.

Whether an individual would benefit from a drug offender treatment program and whether his or her placement in a drug treatment plan would be appropriate are matters committed to the Department's discretion.  Section 4104(c) of the Prisons and Parole Code states:

> *If the department in its discretion* believes a defendant would benefit from a drug offender treatment program and placement in the drug offender treatment program is appropriate, the department shall provide the court, the defendant, the attorney

---

[6] Where the Department determines that the criminal defendant will not benefit from a drug treatment program or that placement in a drug treatment program is not appropriate, it provides a report setting forth the reasons for its determination to the sentencing court.  37 Pa. Code §97.104(b).

for the Commonwealth and the commission with a proposed drug offender treatment program detailing the type of treatment proposed.

61 Pa. C.S. §4104(c) (emphasis added). Likewise, the statute does not "[c]onfer any legal right upon any individual … to … participate in a drug offender treatment program[.]" 61 Pa. C.S. §4108(1)(i);[7] *see also* 37 Pa. Code §97.106(b) ("An eligible offender does not have a right to placement in a DOTP.").[8]

DeMaria focuses on the Commonwealth's waiver of the eligibility requirements and the sentencing court's acceptance of that waiver. She argues that the Department cannot deny her admission into the State intermediate punishment program based on the "context of her current offenses" and "history of assaultive acts" because these disqualifications were waived. DeMaria Brief at 9. Stated otherwise, if all disqualifying acts are waived, there is nothing on which the Department can exercise its discretion to deny her admission to the program.

Section 4104(a) provides, in pertinent part, as follows:

---

[7] This section provides, in pertinent part, as follows:

> Notwithstanding any other provision of law to the contrary, this chapter shall not be construed to:
>
> (1) Confer any legal right upon any individual, including an individual participating in the drug offender treatment program, to:
>
> > (i) participate in a drug offender treatment program[.]

61 Pa. C.S. §4108(1)(i).

[8] Section 97.106(b) states, in pertinent part, as follows:

> (b) An eligible offender does not have a right to placement in a DOTP…. The goal of the Participant Selection Committee will be to select those defendants it believes will most likely benefit from a DOTP by becoming productive, law-abiding members of society while allowing the Department to use its available programming resources efficiently and effectively. The number of participants selected for a DOTP will be the number that the Participant Selection Committee believes will neither under use nor overtax the available programming resources.

37 Pa. Code §97.106(b).

(a) Referral for evaluation.—

    (1)    Prior to imposing a sentence, the court may, upon motion of the Commonwealth, commit [an individual] to the custody of the department for the purpose of evaluating whether the [individual] would benefit from a drug offender treatment program and whether placement in the drug offender treatment program is appropriate.

    (1.1)  (i) The prosecuting attorney, in the prosecuting attorney's sole discretion, may advise the court that *the Commonwealth has elected to waive the eligibility requirements of this chapter if the victim has been given notice* of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue.

          (ii) *The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements.*

61 Pa. C.S. §4104(a) (emphasis added). The sentencing court may refer a convicted defendant to the Department for an evaluation upon motion of the Commonwealth or where the Commonwealth waives the eligibility requirements. The sentencing court has the discretion to refuse to accept the Commonwealth's waiver. However, in every case, the Department must do an evaluation.

In her mandamus complaint, DeMaria avers that the first time the sentencing court referred her to the Department for evaluation, the Department did not "perform[] an evaluation." Petition ¶11 at 3. The second time the sentencing court referred her to the Department for evaluation, the Department "performed only a minimal evaluation before again rejecting" her. Petition ¶14 at 4. DeMaria attached the Department's July 18, 2018, letter to her petition for review as Exhibit E. In this letter, the Department states that it conducted a reassessment "[i]n

8

compliance with the revised court order and 61 Pa. C.S. §4104" and that "all relevant information was reviewed and considered." Petition, Exhibit E.

The Commonwealth's waiver, and the sentencing court's acceptance of the waiver, did not limit what the Department could review or consider in its evaluation. The regulation specifies that the Department must consider an individual's criminal history. 37 Pa. Code §97.106(a)(6). Notably, the Department's determination was not based solely on DeMaria's current and past criminal history. The Department deemed DeMaria inappropriate for the drug treatment program because of her "several prior unsuccessful treatment attempts." Petition ¶28 at 6. DeMaria challenges this finding, stating that she only relapsed once after receiving treatment for her addiction. Petition ¶15 at 4.

DeMaria has neither a statutory right to State intermediate punishment nor a statutory remedy to challenge the Department's decision not to recommend her entry to this program. A writ of mandamus cannot be used to create a remedy where, as here, placement of an individual in State intermediate punishment has been denied as a result of the Department's exercise of discretion. *See* 37 Pa. Code §97.106(a) (listing eight criteria the Department considers in doing its risk assessment). Only after the Department determines that an individual's placement is appropriate can the sentencing court sentence a defendant to State intermediate punishment. 61 Pa. C.S. §4103.

DeMaria also asserts that the Department's refusal to recommend her for the State intermediate punishment program violated her equal protection rights. In her brief, however, DeMaria does not develop this argument. Other than identifying two male defendants who pled guilty to drug delivery resulting in death and were placed into the State intermediate punishment program, DeMaria does not

provide any discussion or analysis of this claim. *See* DeMaria Brief at 12-13. Further, DeMaria does not cite to any relevant authority. As such, we find that DeMaria waived this issue. *American Rock Mechanics, Inc. v. Workers' Compensation Appeal Board (Bik and Lehigh Concrete Technologies)*, 881 A.2d 54, 56 (Pa. Cmwlth. 2005).[9]

For the reasons stated above, we hold that DeMaria's petition does not state a claim for a writ of mandamus. Accordingly, the Department's preliminary objection in the nature of demurrer is sustained, and the petition for review is dismissed.

MARY HANNAH LEAVITT, President Judge

---

[9] The basis of DeMaria's equal protection claim is the Department's placement of two male defendants into the State intermediate punishment program. "The Equal Protection Clause … does not obligate the government to treat all persons identically, but merely assures that all similarly situated persons are treated alike." *Small v. Horn*, 722 A.2d 664, 672 (Pa. 1998). The Department must use the same criteria for all persons evaluated for the State intermediate punishment program. 37 Pa. Code §97.106(a). DeMaria does not allege that the Department applied different criteria. The two individuals cited by DeMaria were convicted of one count of drug delivery resulting in death, whereas DeMaria was convicted of two counts. DeMaria's history includes assaultive behavior, drug addiction and relapse following addiction treatment. The history of the other defendants is not known, making it impossible to address her equal protection claim.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Nicole DeMaria,                  :
                        Petitioner         :
                                           :
        v.                                 :    No. 710 M.D. 2018
                                           :
Commonwealth of Pennsylvania,             :
Department of Corrections,                 :
                        Respondent         :

# **O R D E R**

AND NOW, this 23rd day of October, 2019, the preliminary objection of Respondent Commonwealth of Pennsylvania, Department of Corrections to Petitioner Jennifer Nicole DeMaria's petition for review in the above-captioned matter is SUSTAINED and the petition for review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge