IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.A.S.B.,                         :
               Petitioner        :
                         :
        v.                     : No. 706 M.D. 2019
                         : Submitted: October 30, 2020
Robert Evanchick, Commissioner   :
of the Pennsylvania State Police,    :
              Respondent     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: March 11, 2021

Before the Court is the preliminary objection filed by Robert Evanchick, Commissioner of the Pennsylvania State Police (Commissioner), to M.A.S.B.'s petition for review in the nature of a complaint seeking declaratory and injunctive relief. M.A.S.B. requests the Court to declare the Sexual Offender Registration and Notification Act[2] to be an unconstitutional *ex post facto* law[3] as

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Act of February 21, 2018, P.L. 27, *as amended by* the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§9799.10-9799.75 (collectively, SORNA II).

[3] The United States Constitution provides, in pertinent part, that "[n]o … ex post facto Law shall be passed." U.S. CONST. art. I, §9. The Pennsylvania Constitution likewise provides, in pertinent part, "[n]o *ex post facto* law … shall be passed." PA. CONST. art. I, §17. "[T]he *ex post facto* clauses of both constitutions are virtually identical, and the standards applied to determine an *ex post facto* violation are comparable." *Evans v. Pennsylvania Board of Probation and Parole*, 820 A.2d 904, 909 (Pa. Cmwlth. 2003) (citing *Commonwealth v. Young*, 637 A.2d 1313, 1317 n.7 (Pa. 1993)).

applied to him. In support thereof, M.A.S.B. cites to the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which struck down the prior version of the Sexual Offender Registration and Notification Act[4] as unconstitutional because it violated the prohibition against *ex post facto* laws. For the reasons to follow, we sustain the Commissioner's preliminary objection.

On December 24, 2019, M.A.S.B. filed the instant petition for review. The petition alleges that in August 2000, M.A.S.B. was arrested and charged with corruption of minors (one count) and involuntary deviate sexual intercourse (four counts). Petition for Review, ¶4. These charges were based on M.A.S.B.'s criminal conduct in November 1997. *Id.* M.A.S.B. was convicted and designated a sexually violent predator.[5] This designation required M.A.S.B. to register as a sex offender for life. *Id.*, ¶¶6, 14.

The petition asserts that in *Muniz*, 164 A.3d 1189, the Pennsylvania Supreme Court declared the lifetime registration requirements of SORNA I to be unconstitutional because it violated the *ex post facto* clause of the Pennsylvania Constitution. Petition for Review, ¶¶10-11. The petition avers that SORNA II is nothing but a "re-enactment" of SORNA I and is likewise unconstitutional. The petition requests this Court to declare SORNA II unconstitutional and establish that M.A.S.B. does not have to register as a sex offender.

The Commissioner filed a preliminary objection in the nature of a demurrer. He argues that SORNA II cured the deficiencies in SORNA I and does not violate the *ex post facto* clause of the Pennsylvania Constitution. *See*

---

[4] Act of December 20, 2011, P.L. 446, *as amended*, 42 Pa. C.S. §§9799.10-9799.41 (SORNA I).

[5] In his Answer to the Commissioner's preliminary objections, M.A.S.B. states that he was designated as a sexually violent predator. Answer to Preliminary Objections, ¶¶3, 12.

*Commonwealth v. Butler*, 226 A.3d 972, 993 (Pa. 2020) (lifetime registration, notification, and counseling requirements applicable to sexually violent predators in SORNA II are not punitive). In the alternative, the Commissioner argues that the *Muniz* rationale does not apply to the registration requirements of SORNA II.

In response, M.A.S.B. acknowledges that after he filed his petition, the Pennsylvania Supreme Court decided *Butler*, holding that the registration requirements for sexually violent predators in subchapter H of SORNA II are not punitive. M.A.S.B. also recognizes that the Supreme Court's recent decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), held that subchapter I of SORNA II did not violate the *ex post facto* clause. Nevertheless, M.A.S.B. argues that subchapter I of SORNA II constitutes punishment because the information that he must provide as part of the sexual offender registration process "places his life, home and family in peril on a daily basis[.]" M.A.S.B. Brief at 7. Additionally, M.A.S.B. argues that since SORNA II was "passed years after [his] crimes occurred," it "constitutes an increased maximum imposed upon him by the Legislature and not the courts" in violation of the separation of powers doctrine. M.A.S.B. Brief at 8.

In ruling on preliminary objections in the nature of a demurrer, this Court "must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). "Preliminary objections will be sustained only where it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.* The Court "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.*

3

In *Muniz*, 164 A.3d 1189, the Pennsylvania Supreme Court considered a constitutional challenge to the application of SORNA I by offenders who committed their offenses prior to its effective date of December 20, 2012. The Supreme Court explained that a statute violates the *ex post facto* clause of the United States Constitution where it imposes the equivalent of criminal punishment. To make this determination, the Supreme Court considered whether the express purpose of SORNA I was to impose punishment, and if not, whether the statutory scheme was so punitive in effect as to negate the legislature's stated nonpunitive intent. The Supreme Court concluded that SORNA I's registration requirements constituted punishment that violated the constitutional prohibition against *ex post facto* laws.

Following the Supreme Court's decision, the General Assembly enacted SORNA II.

> In this new statutory scheme, the General Assembly, *inter alia*, eliminated a number of crimes that previously triggered application of SORNA [I] and reduced the frequency with which an offender must report in person to the [] State Police []. With regard to [s]ubchapter I, the General Assembly declared its intent that the statute "shall not be considered as punitive." 42 Pa. C.S. §9799.51(b)(2).

*Lacombe*, 234 A.3d at 615. SORNA II has two chapters.

> Subchapter H is based on the original SORNA [I] statute and is applicable to offenders … who committed their offenses after the December 20, 2012[,] effective date of SORNA [I]; [s]ubchapter I is applicable to offenders who committed their offenses prior to the effective date of SORNA [I] and to whom the *Muniz* decision directly applied.

*Butler*, 226 A.3d at 981 n.11.

4

In *Butler*, the Supreme Court examined SORNA II on appeal from the Superior Court, which held SORNA II unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).[6] The Supreme Court reversed the Superior Court, explaining as follows:

> Although we recognize the [registration, notification, and counseling] requirements impose affirmative disabilities or restraints upon [sexually violent predators], and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill…. Under the circumstances, and also because we do not find the [registration, notification, and counseling] requirements to be excessive in light of the heightened public safety concerns attendant to [sexually violent predators], *we conclude the [registration, notification, and counseling] requirements do not constitute criminal punishment.*

*Butler*, 226 A.3d at 992-93 (citation omitted) (emphasis added).

In *Lacombe*, the Pennsylvania Supreme Court considered a challenge to the constitutionality of subchapter I of SORNA II as an unconstitutional *ex post facto* law. The Supreme Court observed that the "General Assembly expressly declared that [s]ubchapter I 'shall not be construed as punitive.'" *Lacombe*, 234 A.3d at 618 (quoting 42 Pa. C.S. §9788.51 (b)(2)). To determine whether subchapter I was punitive in effect, the Supreme Court applied the factors set forth in *Kennedy*

---

[6] "In *Apprendi* and *Alleyne*, the Supreme Court of the United States held [that] any fact, which increases the statutory maximum penalty (*Apprendi*), or mandatory minimum sentence (*Alleyne*), must be submitted to a jury and proven beyond a reasonable doubt." *Butler*, 226 A.3d 976 at n.3.

*v. Mendoza-Martinez*, 372 U.S. 144 (1963).[7] In balancing these factors, the Supreme Court stated:

> Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in *Muniz*. ... As we have not found the requisite "clearest proof" [s]ubchapter I is punitive, we may not "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty."

*Lacombe*, 234 A.3d at 626 (brackets and citations omitted). The Supreme Court held that subchapter I of SORNA II did not constitute criminal punishment and, thus, the petitioner's *ex post facto* challenges failed.

Most recently, in *R.H. v. Pennsylvania State Police* (Pa. Cmwlth., No. 699 M.D. 2018, filed January 12, 2021) (unreported),[8] this Court considered an *ex post facto* challenge to subchapter I of SORNA II. There, the petitioner was convicted of sex-related offenses and determined to be a sexually violent predator. He was obligated to register as a sex offender for his lifetime with the State Police.

In his petition for review, R.H. challenged SORNA II as "unconstitutional for the same reasons the *Muniz* Court found [] SORNA [I]

---

[7] The factors to be considered by a court are:

> [w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment – retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned[.]

*Mendoza-Martinez*, 372 U.S. at 168 (footnotes omitted).

[8] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

unconstitutional." *R.H.*, slip op. at 3 (quotation omitted). He sought "a declaration confirming that SORNA II is unconstitutional and stating that he does not have to register as a sex offender[.]" *Id.* Concluding that *Lacombe* was dispositive, this Court denied R.H.'s *ex post facto* challenge to the registration requirements of subchapter I of SORNA II. *R.H.*, slip op. at 9.

Here, M.A.S.B. challenges subchapter I of SORNA II because it requires him to register as a sex offender for life. *Lacombe* and *R.H.* have established that the registration requirements set forth in subchapter I of SORNA II are not punitive and, thus, the retroactive application of these registration requirements does not violate the constitutional proscription against *ex post facto* laws. *Lacombe* and *R.H.* have foreclosed M.A.S.B.'s *ex post facto* challenge to the registration requirements of subchapter I of SORNA II.

Accordingly, we sustain the Commissioner's preliminary objection and dismiss M.A.S.B.'s petition.[9]

_____
MARY HANNAH LEAVITT, President Judge

---

[9] M.A.S.B.'s claim that subchapter I of SORNA II, as a penal law, violates the separation of powers doctrine because it usurps the judiciary's function to impose a sentence is predicated upon M.A.S.B.'s argument that subchapter I is punitive. Since we have determined that subchapter I is nonpunitive, M.A.S.B.'s claim fails.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.A.S.B,                  :
          Petitioner        :
                                :
          v.                 :    No. 706 M.D. 2019
                                  :
Robert Evanchick, Commissioner    :
of the Pennsylvania State Police,     :
          Respondent     :

# **O R D E R**

AND NOW, this 11th day of March, 2021, the preliminary objection filed by the Respondent, Robert Evanchick, Commissioner of the Pennsylvania State Police, is SUSTAINED, and the petition for review, filed by Petitioner M.A.S.B., is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge