IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Sanchez,                                  :
                              Petitioner       :
                                               :
        v.                                     : No.  156 M.D. 2023
                                               : Submitted:  March 8, 2024
Pennsylvania Board of                          :
Probation and Parole,                          :
                              Respondent       :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                  FILED:  April 11, 2024


        The Pennsylvania Parole Board[1] (Parole Board) has filed preliminary objections (POs) to Jose Sanchez's (Sanchez) *pro se* petition for review (Petition) seeking mandamus relief.[2]  In his Petition, Sanchez challenges the Parole Board's detainer, which it lodged against him while he was in federal custody, and requests this Court compel the Parole Board to strike the detainer against him.  Concluding

---

[1] In 2020, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[2] Sanchez's pleading is captioned "Complaint," which we treat as a petition for review in this Court's original jurisdiction.  *See* Order, 4/14/2023.

that Sanchez's Petition fails to establish a clear legal right to relief, we sustain the Parole Board's PO in the nature of a demurrer and dismiss Sanchez's Petition with prejudice.

## BACKGROUND[3]

Sanchez is currently an inmate in Federal Bureau of Prisons' (BOP) custody at the Federal Correctional Institution at Loretto.[4] The facts as alleged in Sanchez's Petition are as follows. The Parole Board paroled Sanchez on July 18, 2016. In 2018, by federal indictment, the United States Attorney's Office charged Sanchez with drug-related crimes. On July 19, 2018, the Parole Board lodged a detainer against Sanchez. Subsequently, on August 14, 2018, the Parole Board removed the detainer. On September 4, 2019, Sanchez entered a guilty plea to his federal charges.

After pleading guilty to his federal charges, Sanchez waived his revocation hearing before the Parole Board, and by decision recorded on January 13, 2020, the Parole Board recommitted Sanchez to a state correctional institution (SCI) as a convicted parole violator (CPV) and ordered him "to serve 24 months [sic] backtime, when available, pending sentencing on [his] outstanding federal conviction and [his] return to a [SCI]." Sanchez's Br., App. 5. On August 22, 2022, the Parole Board issued a warrant, lodging a detainer against Sanchez for his parole violation. Sanchez's Br., App. 2. In October 2022, Sanchez requested to participate in the BOP's residential drug abuse treatment program. BOP denied his request determining that he was ineligible for the program due to the Parole Board's

---

[3] The facts are as alleged in Sanchez's Petition and attached exhibits. Additionally, we consider information contained in the public dockets as this Court may take judicial notice of information contained in public dockets. *Moss v. SCI – Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018).

[4] *See Federal Bureau of Prisons Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited April 9, 2024) (Sanchez's assigned BOP Register Number is 76392-067).

detainer. Sanchez's Br., App. 7. In November 2022, December 2022, and January 2023, Sanchez sent correspondence to the Parole Board regarding the detainer. By letter mailed February 21, 2023, the Parole Board responded to Sanchez indicating Sanchez failed to file his request for relief from its January 13, 2020 decision to recommit him as a CPV within 30 days. Therefore, it dismissed his request as untimely.

Sanchez filed his Petition with this Court. In his Petition, Sanchez seeks "remedy in the matter of a violation of due process, specifically the 'order of service' by the [Parole Board.]" Petition at 1. Sanchez asserts the Parole Board "violat[ed] his [c]onstitutional rights, by depriving him of his liberty without penalogical cause, and by denying him access to effective rehabilitative programs and serving to obstruct his facilitated reentry back into society, ultimately resulting in [Sanchez] being forced to serve more time than necessary." *Id*. In summary, Sanchez asserts the Parole Board's detainer is unlawful because the Parole Board failed to comply with Section 6138(a)(5.1) of the Prisons and Parole Code,[5] which requires a parolee serve an original sentence before serving a new federal sentence. *See id*. at 9. Sanchez asks this Court to compel the Parole Board to strike the detainer against him. *Id*.

In response, the Parole Board filed POs in the nature of a demurrer under Pa.R.Civ.P. 1028(a)(4) asserting (1) Sanchez's correspondence to the Parole Board was an untimely appeal of its January 13, 2020 decision that recommitted him as a CPV when available, and (2) the Parole Board complied with Section 6138(a)(5) of the Prisons and Parole Code by properly issuing its detainer so that upon his release

_____

[5] 61 Pa.C.S. §§ 101-7301.

3

from federal custody, Sanchez can be returned to Pennsylvania Department of Corrections' (DOC) custody. Parole Bd.'s POs *generally*.

## DISCUSSION

In ruling on preliminary objections, this Court is limited in its review to the Petition and any attached documents or exhibits. *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)). In considering a preliminary objection in the nature of a demurrer, we "consider as true all well-pled material facts set forth in the [P]etition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). We do "not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* Where it is "clear and free from doubt" that facts pleaded are legally insufficient to establish a right to relief, we will sustain a preliminary objection. *Id.*

Sanchez seeks mandamus relief in the form of an order compelling the Parole Board to "strike" its detainer. *See* Petition at 9. Mandamus is an extraordinary remedy which compels the official performance of a ministerial act or a mandatory duty. *Byrd v. Pa. Bd. of Prob./Parole*, 826 A.2d 65, 66-67 (Pa. Cmwlth. 2003) (citation omitted). We will only issue a writ of mandamus where the petitioner can show (1) a clear legal right to relief, (2) a corresponding duty on the respondent to act, and (3) lack of an alternative legal remedy. *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021). It is not the purpose of mandamus to establish legal rights, but rather, to enforce rights that are already established. *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). When a petitioner seeks a writ of mandamus, "his threshold burden is to establish a clear legal right to relief." *Garber v. Dep't of Corr.*, 851 A.2d 222, 225 (Pa. Cmwlth. 2004).

4

We begin by addressing Sanchez's assertion that the Parole Board failed to comply with Section 6138(a) of the Prisons and Parole Code because it issued a detainer for his return to DOC custody after he completes his federal sentence. Section 6138(a) of the Prisons and Parole Code provides, in relevant part:

> (1) The board may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or . . . to which the offender pleads guilty . . . at any time thereafter in a court of record.
>
> . . . .
>
> (5.1) If the offender is sentenced to serve a new term of total confinement by a Federal court . . . because of a verdict or plea under paragraph (1), the offender shall serve the balance of the original term before serving the new term.

61 Pa.C.S. § 6138(a)(1), (5.1). While Sanchez is correct that Section 6138(a)(5.1) requires a parolee who receives a federal sentence to serve the balance of his original term before serving his new term, the Parole Board's regulations provide further guidance specifically addressing the circumstances set forth in this case. Under the Parole Board's regulations, if a parolee is "confined outside the jurisdiction of the [DOC], such as confinement . . . in a Federal correctional institution . . . the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code § 71.4. Further, if a parolee is in federal custody, the Parole Board "may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." 37 Pa. Code § 71.5.

In *Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021 (Pa. Cmwlth. 2017), this Court addressed a similar issue to that presented here. In *Brown*,

5

while the parolee was on state parole, federal authorities charged the parolee with drug-related crimes. *Id.* at 1022. The parolee remained in federal custody from the time of his arrest until he was released after serving his sentence. *Id*. at 1023. Upon his release, the parolee returned to DOC custody. *Id.* The Parole Board initiated revocation proceedings, after which it recommitted the parolee as a CPV and ordered him to serve backtime. *Id.* The Parole Board denied the parolee's appeal, and he petitioned this Court for review, arguing the Parole Board's revocation hearing was untimely, and he should have served the backtime on his original sentence before serving his new federal sentence as required by Section 6138(a)(5) of the Prisons and Parole Code. *Id.* at 1024. This Court acknowledged Section 6138(a)(5)'s requirements, but rejected the parolee's argument, noting there was no dispute in the case that the parolee "was in federal custody both before and after his federal sentencing and when the [Parole] Board received official verification of his conviction." *Id.* at 1027. This Court explained:

> [The parolee's] argument presumes that the [Parole] Board had the ability to obtain him from federal custody in order to hold a revocation hearing and recommit him as a CPV to serve the remainder of his original sentence in accordance with Section 6138(a)(5.1). However, the [Parole] Board asserts that it does not have the ability to acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit the parolee to serve the remainder of the original sentence. [The parolee] has not provided any legal authority that grants the [Parole] Board this authority.

*Id.* (emphasis in original omitted). We concluded, therefore, that the parolee was unavailable to the Parole Board at the time he pled guilty and was sentenced on the federal charges, and he was unavailable when the Parole Board received official verification of his conviction. *Id.* The Parole Board did not acquire jurisdiction over

6

the parolee until after his release from federal custody. *Id*. Finding no error, we affirmed the Parole Board's order. *Id*. at 1028.

Similarly, in *Williams v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 152 C.D. 2021, filed December 14, 2021),[6] the parolee was in federal custody before and after his federal sentencing, and when the Parole Board received verification of the new conviction. Relying on *Brown*, 184 A.3d at 1026, this Court held that where a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Parole Board may defer a revocation hearing until the parolee is returned to an SCI, and is thus subject to the Parole Board's jurisdiction. *Williams*, slip op. at 11-12.

While Sanchez correctly asserts Section 6138(a)(5.1) of the Prisons and Parole Code prescribes the order in which a parolee must serve his sentences, here, Sanchez was not available to serve backtime on his original state sentence before he served his new federal sentence. Sanchez has remained in federal custody since he pled guilty and received his federal sentence. As we have expressed in prior cases, this Court is not aware of any legal authority allowing the Parole Board to retrieve Sanchez from federal custody to have him serve his state sentence before he serves his federal sentence. As such, Sanchez is unavailable to the Parole Board. The Parole Board's regulations clearly set forth that when a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action *beyond issuing a detainer*, is deferred until the parolee is returned to a SCI. *Brown*, 184 A.3d at 1025. The Parole Board has

---

[6] An unreported memorandum opinion of this Court filed after January 15, 2008, may be cited for its persuasive value under Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

issued its detainer, consistent with its requirements under the regulations, so that Sanchez will return to DOC custody after he is released from federal custody. Accordingly, Sanchez's argument that the Board has not complied with Section 6138(a) of the Prisons and Parole Code because the Parole Board should have obtained him from federal custody to first serve the backtime on his Original Sentence has no merit. Because Sanchez is not entitled to the relief he seeks, mandamus is not available to compel the Parole Board to strike its detainer.

## CONCLUSION

Sanchez's Petition fails to plead facts sufficient to establish he has any right to relief. Sanchez's Petition likewise fails to establish that the Parole Board has any authority to act where Sanchez has been in federal custody since his conviction. Rather, the Parole Board exercised its authority in compliance with its regulations when it issued a detainer to ensure Sanchez's return to DOC custody after he serves his federal sentence. Accordingly, the Parole Board's preliminary objection in the nature of a demurrer is sustained,[7] and Sanchez's Petition is dismissed with prejudice.

_____
STACY WALLACE, Judge

---

[7] Because we are granting the Parole Board's preliminary objection in the nature of a demurrer and dismissing Sanchez's Petition, it is unnecessary to address the Parole Board's preliminary objection regarding the untimely appeal of its January 13, 2020 order. *See generally Holden v. Pa. Bd. of Prob. & Parole*, 266 A.3d 1215 (Pa. Cmwlth. 2021) (citation omitted).

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Sanchez,                          :
                    Petitioner          :
                                        :
        v.                             :  No.  156 M.D. 2023
                                        :
Pennsylvania Board of                  :
Probation and Parole,                  :
                    Respondent          :

# **O R D E R**

**AND NOW**, this 11th day of April 2024, upon consideration of the preliminary objections filed by the Pennsylvania Parole Board to the *pro se* petition for review filed by Jose Sanchez, the preliminary objection in the nature of a demurrer is **SUSTAINED** and the petition for review is **DISMISSED with prejudice**.

_____
STACY WALLACE, Judge